OPINION OF THE COURT
Chief Judge Cooke.
In this case, the court must decide whether appellant, a lawyer being sued by a former client for malpractice, properly brought a third-party claim for contribution against respondent, another attorney who subsequently represented the client in the same matter. It is held that *4 appellant’s third-party claim is sufficient to withstand a motion to dismiss.
Vivian G. Schauer retained lawyer Patrick J. Joyce, the appellant, in November, 1975 to represent her in a matrimonial action. Joyce, on behalf of Mrs. Schauer, obtained from Supreme Court in January, 1976 a divorce judgment by default that included an award of $200 per week in alimony, counsel fees and possession of the marital residence. No alimony, however, was ever received by Mrs. Schauer under this decree. In fact, Mr. Schauer, who had been living in Michigan at the time of the divorce judgment, moved to vacate those parts of the judgment concerning alimony, counsel fees, and possession of the marital residence on the ground that the affidavit of regularity submitted in support of the default judgment falsely stated that he had not appeared in the action. Supreme Court granted Mr. Schauer’s motion in April, 1977, and transferred jurisdiction over these matters to the Delaware County Family Court. Soon thereafter, Mrs. Schauer discharged Joyce and retained Thomas W. Gent, Jr., to represent her in the matrimonial matter. Through Gent’s efforts, she began receiving support payments from her former husband in November, 1977. In January, 1978, Mrs. Schauer began a malpractice action against Joyce, retaining another attorney not associated with either Joyce or Gent. Mrs. Schauer alleged that Joyce caused her to lose alimony and counsel fees through a variety of actions and omissions, particularly the filing of a false affidavit of regularity with Supreme Court that caused the partial vacatur of the divorce judgment.* As a result of Joyce’s malpractice, Mrs. Schauer claimed, she lost $200 per week alimony from December, 1975 to November, 1977, and $75 per week thereafter.
Joyce then brought this third-party action against Gent, alleging that after Gent took over Mrs. Schauer’s case in *5 April, 1977, Gent negligently failed to seek reinstatement of the vacated alimony award or to make any other application to obtain alimony for the period prior to the vacatur. In addition, Joyce alleged, Gent failed to seek a prompt Family Court hearing to obtain prospective alimony payments.
Special Term dismissed Joyce’s third-party complaint for failure to state a cause of action. The Appellate Division affirmed, with two Justices dissenting. For the reasons that follow, the third-party complaint should not have been dismissed.
CPLR 1401, which codified this court’s decision in Dole v Dow Chem. Co. (30 NY2d 143), provides that “two or more persons who are subject to liability for damages for the same personal injury, injury to property or wrongful death, may claim contribution among them whether or not an action has been brought or a judgment has been rendered against the person from whom contribution is sought.” The section “applies not only to joint tortfeasors, but also to concurrent, successive, independent, alternative, and even intentional tortfeasors” (Siegel, New York Practice, § 172, p 213; see McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 1401, pp 362-363).
Respondent Gent maintains that he was not in contractual privity with appellant Joyce and that there is no other basis on which it can be said that he owed a duty to Joyce. This misses the point. The relevant question under CPLR 1401 and Dole is not whether Gent owed a duty to Joyce, but whether Gent and Joyce each owed a duty to Mrs. Schauer, and by breaching their respective duties contributed to her ultimate injuries (e.g., Smith v Sapienza, 52 NY2d 82, 87; Barry v Niagara Frontier Tr. System, 35 NY2d 629, 633; Rogers v Dorchester Assoc., 32 NY2d 553, 564; see, generally, 2A Weinstein-Korn-Miller, NY Civ Prac, pars 1401.10-1401.14). There is no need to search “for the existence of an elusive 'legal relationship’ between the wrongdoers” (Twentieth Ann Report of NY Judicial Conference, 1975, p 216).
It is beyond dispute that Joyce and Gent were each retained by Mrs. Schauer, at different times, in connection *6 with her claim for support. Mrs. Schauer’s complaint against Joyce alleges that Joyce’s malpractice cost her substantial sums of lost alimony and other damages. The question is whether the third-party complaint against Gent alleges negligence by Gent that could have contributed to this loss.
The Appellate Division held that there was nothing alleged that could make Gent even partially liable for Mrs. Schauer’s loss of alimony. This conclusion is erroneous. The pleadings set forth an ample basis for holding that the alleged negligence of both attorneys was responsible for the same injury. The primary injury of which Mrs. Schauer complains is the loss of alimony. She seeks $200 per week to compensate her for the back alimony due under a December, 1975 temporary award and the January, 1976 final judgment but not recovered because of the partial vacatur of the final judgment in April, 1977. She also seeks $200 per week for the period from April, 1977 to November, 1977, after which Mrs. Schauer began receiving support. Finally, she seeks $75 per week for the period beginning November, 1977, which apparently reflects the difference between the vacated judgment and the level of the support she eventually received.
Mrs. Schauer had discharged Joyce in April, 1977. A substantial portion of the damages she claims to have suffered thus occurred after she had replaced Joyce as her attorney with Gent. It may be that the loss of alimony after April, 1977, stemmed from the partial vacatur of the original divorce judgment. But if Gent was negligent in not quickly obtaining a new hearing on alimony and support, as Joyce’s third-party complaint alleges, Gent could be found at least partially responsible for this loss. Likewise, if Gent negligently failed to seek reinstatement of the vacated alimony judgment, as Joyce alleges, he may well be partially responsible for the loss of the alimony that had been due under that judgment prior to its vacatur. In effect, Joyce has raised a claim that Gent, as an independent, successive tort-feasor, has contributed to or aggravated Mrs. Schauer’s injuries. This is clearly the type of claim encompassed by CPLR 1401. That Joyce may raise *7 the defense of Mrs. Schauer’s failure to mitigate damages does not affect his ability to also assert a third-party claim for contribution against Gent for those injuries for which Joyce may be liable to Mrs. Schauer.
In conclusion, both Joyce and Gent may be liable to Mrs. Schauer, if their respective representations of her were negligent, for at least a portion of the same damages claimed by her. Joyce’s third-party complaint for contribution therefore states a valid cause of action and should not have been dismissed.
Accordingly, the order of the Appellate Division should be reversed, with costs, and the motion to dismiss the third-party complaint should be denied.
Judges Jasen, Gabrielli, Jones, Wachtler, Fuchs-berg and Meyer concur.
Order reversed, etc.

 Mrs. Schauer alleged as a second cause of action that Joyce’s submission of the false affidavit of regularity was an attempt intentionally to deceive herself and the court and thus subjected Joyce to liability for treble damages pursuant to section 487 of the Judiciary Law. No question concerning this cause of action is involved in this appeal.