QUINTEL CORPORATION, N.V., Plaintiff,

v.

CITIBANK, N.A., Defendant.

CITIBANK, N.A., Third-Party Plaintiff,

v.

H.R. GAJRIA, et al., Third-Party Defendants.

QUINTEL CORPORATION, N.V., et al., Plaintiffs,

v.

Arnold S. ALPERSTEIN et al., Defendants.

Nos. 80 Civ. 4936(RWS), 82 Civ. 4856(RWS).

United States District Court, S.D. New York.

Oct. 18, 1983.

Carro, Spanbock, Fass, Geller, Kaster & Cuiffo, New York City, for plaintiff and third-party defendant; Charles D. Bock, Gilbert C. Ferrer, Gail I. Edwin, Vincent Lipari, New York City, of counsel.

Shearman & Sterling, New York City, for defendant and third-party plaintiff; Mark P. Zimmett, Jonathan L. Greenblatt, Catherine Gallo, New York City, of counsel.

Wilson, Elser, Edelman & Dicker, New York City, for defendants and third-party defendants; Edward J. Boyle, Steven Kent, New York City, of counsel.

## OPINION

SWEET, District Judge.

Plaintiff Quintel Corporation, N.V., ("Quintel") and third-party defendant H.R. Gajria ("Gajria") in 80 Civ. 4936 (the "*Citibank* action") have moved pursuant to Fed.R.Civ.P. 42(a) to consolidate that action with another pending in this court, 82 Civ. 4856 (the "*Alperstein* action"), in which they are both plaintiffs. Defendant/third-party plaintiff in 80 Civ. 4396, Citibank, N.A., ("Citibank") has responded and supports a joint trial of the two actions. Defendants in 82 Civ. 4856, Arnold S. Alperstein ("Alperstein") and Goldstick, Weinberger, Feldman, Alperstein & Taishoff, P.C. ("Goldstick"), oppose consolidation. The two actions were previously consolidated solely for the purposes of discovery. In addition, Alperstein has moved pursuant to Fed.R.Civ.P. 12(b) to dismiss a third-party complaint recently filed by Citibank in the *Citibank* action. For the reasons stated below, the motion for consolidation will be granted, and the motion to dismiss will be denied.

These actions arise from the parties' involvement in a real estate transaction that took place in 1979. Quintel is a Netherland Antilles corporation. Gajria is a foreign citizen and at the time of the transaction was the sole beneficial shareholder of Quintel. On August 8, 1979, Gajria entered into an acquisition agreement with Citibank for the purposes of acquiring certain developed real property in Florida. The property was to be acquired by defendant Flag Associates L.P., a limited partnership, of which Quintel was the limited partner. The acquisition was closed on August 14, 1979. Alperstein and his law firm performed legal services for Gajria and Quintel in connection with the acquisition.

The complaint in the *Citibank* action alleges that Citibank and certain other defendants violated section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) and Rule 10b–5 promulgated thereunder, 17 C.F.R. § 240.10b–5, breached alleged fiduciary duties owed to Quintel, converted certain of Quintel's funds, committed fraud, and acted negligently in connection with the acquisition. Specifically, the complaint alleges, *inter alia,* that Citibank and the other defendants failed to disclose that the general partners of the limited partnership were acquiring on their own behalf certain undeveloped property adjacent to the developed real estate acquired by the limited partnership and that Quintel's funds were used by the general partners to purchase the undeveloped land. The complaint seeks damages of $2.7 million, an accounting, and imposition of a constructive trust on the undeveloped land. The complaint also seeks a declaratory judgment releasing Quintel from certain agreements it entered into with Citibank and a permanent injunction preventing the development or disposing of the land. Citibank has asserted a counterclaim for fees allegedly owed it and has impleaded Gajria on the basis of an indemnity agreement. Citibank has also recently filed a third-party complaint against Alperstein and Goldstick seeking contribution.

The complaint in the *Alperstein* action alleges that Alperstein and Goldstick were negligent in their representation of Gajria and Quintel, that they breached an oral retainer agreement, and that they are liable for any amount that Citibank recovers from Gajria on the indemnity agreement. Spe-

cifically, the complaint alleges that Alperstein and Goldstick failed to inquire into or learn of the wrongdoing alleged in the Citibank action. Damages in excess of $2 million are sought, as well as indemnification for any amount recovered by Citibank from Gajria in its third-party complaint for indemnification.

A motion for consolidation is governed by Fed.R.Civ.P. 42(a), which provides:

(a) **Consolidation.** When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Common questions of fact exist in these two actions. The actions arise from the same transaction, and identical witnesses and documents and substantially overlapping testimony is expected to be presented. For example, a major disputed issue of fact of each case is whether the existence of the undeveloped land was disclosed by Citibank to Alperstein. Also, the facts concerning the nature and extent of Alperstein's and Citibank's efforts on behalf of Gajria and Quintel will be central to both cases. Indeed, virtually the entire series of events leading to the closing of the acquisition will have to be presented in each case.

In addition to the existence of common questions of fact, while sufficient in itself to satisfy the requirements of Rule 42, see *Rock Transport Properties Corp. v. Hartford Fire Ins. Co.,* 45 F.R.D. 373 (S.D.N.Y. 1968), there are also common issues of law. For example, Gajria claims in the *Citibank* action that Citibank breached certain duties that it owed him. Gajria claims in the *Alperstein* action that Alperstein negligently failed to monitor Citibank's performance of its duties. Hence, the nature of the duties owed by Citibank will be an issue in each of the actions.

■ Even if the explicit standards of Rule 42 are met, the decision whether to order consolidation is discretionary with the court. *Spirt v. Teachers Ins. & Annuity Ass'n,* 93 F.R.D. 627, 639 (S.D.N.Y.1982). The relevant factors to be weighed include the prospective benefits of consolidation in terms of convenience to the parties and judicial economy and any confusion, delay, or prejudice that might result. *Id.* The burden of establishing that the balance of these considerations tips in favor of consolidation rests with the party seeking such consolidation. *Id.*

■ Alperstein and Goldstick argue that consolidation will result in jury confusion because of the different elements required to be applied in an action for a securities law violation as opposed to an action for attorney malpractice. This type of danger exists, of course, in many multi-defendant, multicount trials. It is a tenet of the jury system that jurors follow the court's instructions and can apply different standards to several defendants. There is nothing extraordinary about these cases, such as inevitably conflicting findings, that would make the danger of confusion paramount. The expected judicial economy resulting from consolidation outweighs the risk of confusing the jury. Indeed it may well be possible to minimize any such confusion by separate partial verdicts and accompanying charges.

Alperstein and Goldstick also make various arguments that separate trials are mandated because the outcome of the *Citibank* action would affect the issues in the *Alperstein* action and perhaps render the *Alperstein* claims moot. To sustain this argument, however, would require speculation as to the merits of the claims against Citibank, an exercise not properly engaged in on this motion. In any event, it seems unlikely that a single *Citibank* trial would "terminate" the *Alperstein* action. For example, if Citibank were to prevail on the ground that it disclosed the existence of the undeveloped land to Alperstein, then Gajria would still have a cause of action for Alperstein's alleged failure to convey this information to him. If Citibank were not to prevail on this issue, or, in other words, if the jury were to determine that Citibank

failed to make a material disclosure, then Gajria would still have a cause of action for Alperstein's alleged failure to make inquiries sufficient to uncover the existence of the land. In either case, a separate trial would be required, and a repetition of testimony with a risk of inconsistent verdicts would result.

Alperstein and Goldstick also argue that the *Alperstein* action cannot proceed until the conclusion of the *Citibank* action because it will not be known until that point whether Gajria and Quintel were injured or to what extent they have been damaged. As already noted, however, the *Citibank* action is not an absolute predicate to the *Alperstein* action—the claims in each are distinct even though they arise from the same series of events. Alperstein and Goldstick rely heavily on a California case, *Commercial Standard Title Co. v. Superior Court,* 92 Cal.App.3d 934, 155 Cal.Rptr. 393 (1979), for the proposition that an attorney malpractice action cannot proceed until a determination has been made in the controversy in which the lawyer rendered the challenged advice. This reliance is misplaced. In *Commercial Standard,* the defendants sought to interpose a cross-claim for partial indemnity against the attorney who represented the plaintiff in a transaction with the defendants. The question of whether the plaintiff had suffered damage due to the attorney's conduct was wholly dependent on the outcome of the action between the plaintiff-client and the defendants. The court therefore refused to permit the cross-claim to be asserted because "until [plaintiff's] action against [defendants] evidences *damages* actually sustained, no cause of action exists for the lawyer's misadvice." *Id.* at 942, 155 Cal.Rptr. at 399 (emphasis in original). Here, Quintel need not establish damages in the Citibank action before it can proceed against its lawyers because, as noted, the claims against Citibank and against the lawyers are independent. Quintel could lose in the Citibank action and yet still prevail against Alperstein and Goldstick, for example.

This situation is to be contrasted with that frequently encountered in attorney malpractice cases, where a former client sues his attorney for negligent representation in a lawsuit. In those cases, the New York courts hold that the plaintiff must show that "but for" his attorney's negligence he would have prevailed in the underlying action. *See, e.g. N.A. Kerson Co. v. Shayne, Dachs, Weiss, Kolbrenner, Levy & Moe Levine,* 45 N.Y.2d 730, 408 N.Y.S.2d 475, 380 N.E.2d 302 (1978), *aff'g on concurring opinion,* 59 A.D.2d 551, 397 N.Y.S.2d 142 (2d Dep't 1977); *Parksville Mobile Modular, Inc. v. Fabricant,* 73 A.D.2d 595, 422 N.Y.S.2d 710 (2d Dep't 1979). This is simply a common sense rule—if the client would have lost the underlying lawsuit anyway, he has suffered no damage from the attorney's negligence and therefore has no cause of action for malpractice. In other words, the malpractice action is wholly dependent on how the underlying action turns out, or would have turned out had there been no negligence. As already noted, the viability of the malpractice claims here is not dependent solely on the outcome of the *Citibank* action. Therefore, the "but for" test does not apply here. In sum, this court perceives no barrier to consolidation of these actions. Considerations of convenience and judicial economy weigh strongly in favor of consolidation, and any countervailing concerns of confusion, delay, or prejudice are insufficient to bar the requested relief.

Alperstein and Goldstick have also moved pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss the third-party complaint recently filed by Citibank against them. In the complaint Citibank seeks contribution from Alperstein and Goldstick "in an amount equal to the excess over and above Citibank's equitable share of" any judgment obtained against it by Quintel. Alperstein and Goldstick argue that Citibank may not obtain contribution from them because under New York law contribution is limited only to joint tortfeasors, parties not *in pari delicto,* or parties in privity. Citibank concedes that it may not seek contribution for any liability on its part if Quintel succeeds on its claims under section 10(b) and Rule 10b–5. *See, e.g., In*

*re New York City Municipal Securities Litigation,* 507 F.Supp. 169, 189 n. 43 (S.D.N.Y. 1980) (contribution available in federal securities claim only among joint tortfeasors). *See also Globus v. Law Research Service, Inc.,* 418 F.2d 1276, 1288–89 (2d Cir.1969), *cert. denied,* 397 U.S. 913, 90 S.Ct. 913, 25 L.Ed.2d 93 (1970). Citibank is correct, however, in its assertion that it may obtain contribution with respect to the pendent state claims asserted by Quintel.

■ Section 1401 of the New York Civil Practice Law and Rules ("CPLR") governs claims for contribution under New York State law and provides, in pertinent part, that:

> two or more persons who are subject to liability for damages for the same personal injury, injury to property or wrongful death, may claim contribution among them whether or not an action has been brought or a judgment has been rendered against the person from whom contribution is sought.

The New York courts have given this provision an expansive reading, interpreting it to apply not only to joint tortfeasors, but also to concurrent, successive, independent, alternative and intentional tortfeasors as well. *See Schauer v. Joyce,* 54 N.Y.2d 1, 6, 444 N.Y.S.2d 564, 429 N.E.2d 83 (1981); *McMahon v. Butler,* 73 A.D.2d 197, 426 N.Y. S.2d 326 (3d Dep't 1980). *But see Stratton Group, Ltd. v. Sprayregen,* 466 F.Supp. 1180, 1186 (S.D.N.Y.1979). It is not required that the parties be liable under the same legal theory—they need only be potentially liable for the same harm. *Helmrich v. Eli Lilly & Co.,* 89 A.D.2d 441, 455 N.Y.S.2d 460 (4th Dep't 1982).

■ In these actions, Gajria and Quintel seeks damages on state law claims from Citibank and from Alperstein and Goldstick for the same harm, *viz.* the damage resulting from the alleged nondisclosure of the undeveloped land. Therefore, despite the fact that damages are sought from these defendants on different legal theories, they may assert claims for contribution. *See generally* McLaughlin, *Practice Commentaries,* N.Y. CPLR 1401:4 at 363 (McKinney 1976).

Alperstein and Goldstick again rely on *Commercial Standard Title Co. v. Superior Court,* 92 Cal.App.3d 934, 155 Cal.Rptr. 393 (1979), this time for the proposition that an attorney may not be impleaded for malpractice with respect to the transaction at issue in the direct claim. *Commercial Standard* is simply inapposite here. The court in that case construed California common law and concluded that the cross-claim sought to be interposed against the attorney was not authorized. In this action, New York law applies to the state law claims and, in particular, New York statutory law as contained in CPLR 1401. Furthermore, in *Schauer v. Joyce, supra,* the New York Court of Appeals specifically held that a third-party complaint for contribution could be asserted pursuant to CPLR 1401 against an attorney for alleged negligence which contributed to or aggravated the plaintiffs' injury.

In *Schauer,* the defendant was an attorney being sued for malpractice. He was permitted to implead the attorney who represented the client subsequent to his representation. *See also Taft v. Shaffer Trucking, Inc.,* 52 A.D.2d 255, 383 N.Y.S.2d 744 (4th Dep't 1976) (third-party complaint for contribution from attorney upheld against motion to dismiss where attorney and defendant/third-party plaintiff may both be liable to plaintiffs for same harm).

Alperstein and Goldstick attempt to distinguish *Schauer v. Joyce* on the ground that it involved a "classic" contribution situation where a successor tortfeasor aggravated or contributed to a plaintiff's injuries. As the *Schauer* court made clear, however, the reach of CPLR 1401 is broad, and claims for contribution are no longer limited to the classic situations in New York. It is only necessary that the parties be subject to liability for the same harm. Such is the case here.

For the reasons stated above, the motion to consolidate is granted and the motion to dismiss is denied.

**IT IS SO ORDERED.**