**TRI–EX ENTERPRISES, INC., Plaintiff,**

v.

**MORGAN GUARANTY TRUST COMPANY OF NEW YORK, Federal Republic of Nigeria, and Central Bank of Nigeria, Defendants,**

**and**

**Alan London and Lime International Corporation, Third-Party Defendants.**

No. 80 Civ. 3856 (WCC).

United States District Court, S.D. New York.

June 21, 1984.

Breed, Stairs & Berger, New York City, for plaintiff; Andrew Berger, Arie Bucheister, New York City, of counsel.

Halley & Chalos, New York City, for defendants Federal Republic of Nigeria and Central Bank of Nigeria; Michael G. Chalos, Robert J. Brown, Peter Skoufalos, New York City, of counsel.

Burlingham, Underwood & Lord, New York City, for third-party defendants; Terry L. Stoltz, Alfred E. Yudes, Jr., New York City, of counsel.

## OPINION AND ORDER

CONNER, District Judge.

The instant action arises out of the overly-ambitious program of cement purchases pursued by the Federal Republic of Nigeria ("Nigeria") during 1974 and 1975. Plaintiff Tri-Ex Enterprises, Inc. ("Tri-Ex") alleges that its contract to supply cement was breached by defendants Nigeria, Central Bank of Nigeria ("CBN"), and Morgan

**932**

Guaranty Trust Company of New York ("Morgan"). In addition to its claims against these three defendants, plaintiff in its original complaint also asserted a cause of action against Alan London ("London"). In an Opinion and Order dated September 22, 1982, familiarity with which is presumed, I dismissed plaintiff's claim against London on the ground that it was beyond the scope of federal subject matter jurisdiction.

Several months following the date of that Opinion and Order, on January 20, 1983, defendants Nigeria and CBN filed an Amended Answer which asserted, for the first time, a counterclaim against plaintiff grounded upon its alleged fraud in obtaining certain payments under the Morgan letter of credit. Tri-Ex answered that counterclaim on April 13, 1983, and at the same time asserted a third-party claim against London and Lime International Corporation ("Lime"). The case is currently before the Court on London's motion pursuant to Rule 12(b)(6), F.R.Civ.P., to dismiss the third-party complaint. For the reasons stated below, the motion is denied.

While Tri-Ex's claim against the defendants is grounded upon their allegedly improper refusal to receive and pay for cement under the letter of credit, Nigeria's and CBN's counterclaim against Tri-Ex concerns prior transactions under the same letter of credit, in which Tri-Ex allegedly defrauded defendants into making payment for shipments of cement which were never delivered or tendered to Nigeria. Even assuming that the counterclaim—which was first interposed in an amended pleading in January 1983, some eight years after the occurrence of the underlying events—would be barred by the statute of limitations if sued upon separately, it can hardly be doubted that the amendment relates back to the original date of filing under Rule 15(c), F.R.Civ.P.

■ Under the very liberal standard imposed by Rule 15(c), an amendment relates back if it arises out of the same conduct, transaction, or occurrence set forth in the original pleading. As explained by Professor Moore, the relation-back doctrine is based upon the principle that one who has been given notice of litigation concerning a given transaction or occurrence has been provided with all the protection that statutes of limitation are designed to afford. *See* 3 J. Moore, Moore's Federal Practice, ¶ 15.15[3] at 15–194. Thus, if the litigant has been advised at the outset of the general facts from which the belatedly asserted claim arises, the amendment will relate back even though the statute of limitations may have run in the interim. *See id.* at 15–194 to 15–196. Here, the issues framed by the original pleadings in this litigation clearly provided all parties with notice that all matters surrounding the letter of credit issued in favor of Tri-Ex were open to question. Accordingly, I conclude that Nigeria's and CBN's counterclaim relates back to the original filing of this action in 1980 and is therefore timely under the applicable statute of limitations.

■ Although there is no independent basis for federal jurisdiction over the third-party claim by New York citizen Tri-Ex against New York citizens London and Lime, such a claim is ancillary to the main counterclaim and consequently no independent jurisdictional ground is required. *See id.*, ¶ 14.26 at 14–108 (citing cases). Therefore, the sole remaining issue on this motion is London's contention that the third-party complaint is barred by the statute of limitations.

■ While London argues that Tri-Ex has asserted a cause of action for fraud against him, he has unfortunately misconstrued the nature of the third-party claim. Despite the imprecision of its third-party pleading, Tri-Ex has fairly asserted a claim for contribution based upon a theory of fraud. A claim for contribution is not time-barred unless the underlying claim is.

■ The distinguishing characteristic of a third-party claim is that the third-party plaintiff is attempting to transfer to the third-party defendant liability that may be imposed upon him in the main action. C.

Wright and A. Miller, Federal Prac. & Proc., § 1446 at 257. Impleader is only a procedural device, however, and it does not create any substantive rights. *See* 6 Moore's Federal Practice, ¶ 14.03 at 14–18. Thus, one msut have a cognizable substantive claim in order to utilize the third-party procedure provided by Rule 14, F.R.Civ.P.

 Under § 1401 of the New York CPLR, one who is subject to liability for causing a particular injury may seek contribution against another who may also be liable for causing the same injury. *See* N.Y.Civ.Prac.L. § 1401 (McKinney 1976). Although the claim for contribution may be brought under Rule 14 at the same time the original claim is being litigated, the statute of limitations applicable to the contribution claim does not begin to run until the third-party plaintiff is compelled to respond in damages for the injury as to which he is claiming contribution. *See, e.g., Winn v. Peter Bratti Assoc., Inc.,* 80 Misc.2d 756, 364 N.Y.S.2d 137, 140 (Sup.Ct. 1975); 6 Moore's Federal Practice, ¶ 14.09 at 14–55.

The essential requirement of a claim for contribution under New York law is that both the third-party plaintiff and the third-party defendant share responsibility for an injury in violation of duties they respectively owed to the injured person. *See Schauer v. Joyce,* 54 N.Y.2d 1, 444 N.Y.S.2d 564, 565, 429 N.E.2d 83, 84 (Ct. App.1981); *Smith v. Sapienza,* 52 N.Y.2d 82, 436 N.Y.S.2d 236, 238, 417 N.E.2d 530, 532 (Ct.App.1981); *Crow-Crimmins-Wolf & Munier v. Westchester,* 90 A.D.2d 785, 455 N.Y.S.2d 390, 391 (Sup.Ct.1982). Assuming these requirements are met, CPLR § 1401 permits claims between all types of joint tortfeasors, including intentional tortfeasors. *Schauer,* 444 N.Y.S.2d at 565, 429 N.E.2d at 84; *see* Prac.Comm. C1401:3 to CPLR § 1401; *see also Sirota v. Solitron Devices, Inc.,* 673 F.2d 566, 578 (2d Cir.1982) (contribution permitted among those found to have committed securities fraud); *Tucker v. Arthur Andersen & Co.,* 646 F.2d 721, 727 (2d Cir.1981) (same). In the third-party action here, Tri-Ex claims

that if it is found liable to Nigeria and CBN for fraudulently obtaining payment for cement that was never delivered or tendered, then it is entitled to contribution from London and Lime because they provided the fraudulent documents to Tri-Ex knowing that Tri-Ex would use the documents to obtain payment from Morgan under the letter of credit. This meets all the requirements of § 1401 and indeed is precisely the type of situation for which a § 1401 contribution claim is appropriate. Because no judgment has yet been entered against Tri-Ex in favor of Nigeria or CBN, the statute of limitations on the contribution claim has not yet commenced to run, and it can thus not be time-barred. Accordingly, for the reasons stated above, the motion to dismiss the third-party complaint is denied.

SO ORDERED.