■ FRANK BAXTER et al., Respondents-Appellants, v MOBIL OIL CORPORATION et al., Respondents-Appellants, and OTIS ELEVATOR COMPANY, Defendant and Third-Party Plaintiff-Appellant-Respondent, et al., Defendant. GALBRAITH-RUFFIN CORPORATION, Third-Party Defendant-Respondent.—In a negligence action to recover damages for personal injuries, etc., (1) the defendant Otis Elevator Company (hereinafter Otis) appeals, as limited by its brief, from (a) so much of an interlocutory judgment of the Supreme Court, Kings County (Shaw, J.), dated October 16, 1986, as, upon setting aside a jury verdict in its favor, and awarding the plaintiffs and its codefendants Mobil Oil Corporation and 150 East 42nd Street Corporation judgment as a matter of law against Otis, holds that it is 60% at fault in the happening of the accident, and is in favor of the defendants 150 East 42nd Street Corporation and Mobil Oil Corporation (hereinafter Mobil) and against it on their cross claims, and (b) so much of a resettled interlocutory judgment of the same court, entered October 22, 1986, as

holds that it is 60% at fault for the happening of the accident, upon granting a motion of the third-party defendant made during trial, dismisses its third-party complaint, and is in favor of the defendants 150 East 42nd Street Corporation and Mobil and against it on their cross claims, (2) the defendants Mobil and 150 East 42nd Street Corporation cross-appeal, as limited by their brief, from so much of the same resettled interlocutory judgment as, upon a jury verdict against 150 East 42nd Street Corporation, and upon setting aside a jury verdict in favor of Mobil, and upon awarding the plaintiffs judgment as a matter of law against Mobil, finds them 60% at fault in the happening of the accident, and (3) the plaintiffs Frank and Marianne Baxter cross-appeal, as limited by their brief, (a) from so much of the interlocutory judgment as, upon a jury verdict, finds the plaintiff Frank Baxter 40% at fault in the happening of the accident, and (b) from so much of the resettled interlocutory judgment as finds the plaintiff Frank Baxter 40% at fault in the happening of the accident.

Ordered that the appeal and the cross appeal from the interlocutory judgment are dismissed, since the interlocutory judgment was superseded by the resettled interlocutory judgment; and it is further,

Ordered that the resettled judgment is reversed insofar as appealed and cross-appealed from, on the law and the facts, the interlocutory judgment is vacated, and a new trial is granted to the plaintiffs against Otis, Mobil, and 150 East 42nd Street Corporation, to Otis on its third-party complaint, and to Otis, Mobil and 150 East 42nd Street Corporation on any cross claims they have against each other; and it is further,

Ordered that costs are awarded to abide the event of the new trial.

Our review of the record reveals that the jury's verdict finding the defendant 150 East 42nd Street Corp. 60% at fault in the happening of the accident, and the plaintiff Frank Baxter 40% at fault in the happening of the accident was against the weight of the evidence (see, Nicastro v Park, 113 AD2d 129). In addition, the verdict was inconsistent in that 150 East 42nd Street Corporation was found to be at fault, while the defendants Otis and Mobil were found not be be at fault (see, Barry v Manglass, 55 NY2d 803, rearg denied 55 NY2d 1039). Accordingly we find that the trial court erred in awarding judgment as a matter of law against Mobil and Otis while at the same time upholding the jury's determination as

to the plaintiff Frank Baxter and 150 East 42nd Street Corporation, rather than setting aside the jury verdict and ordering a new trial.

We note that the trial court erred in dismissing the third-party complaint brought by Otis against Galbraith-Ruffin Corporation. The relevant question under CPLR 1401 and *Dole v Dow Chem. Co.* (30 NY2d 143) is not whether Galbraith-Ruffin Corporation owed a duty to Otis but whether Galbraith-Ruffin Corporation and Otis owed a duty to the plaintiff Frank Baxter, and by breaching their respective duties contributed to Mr. Baxter's ultimate injuries *(see, Schauer v Joyce,* 54 NY2d 1, 5). Lawrence, J. P., Eiber, Harwood and Balletta, JJ., concur.