**NEW YORK ISLANDERS HOCKEY CLUB, LLP, Plaintiff,**

v.

**COMERICA BANK–TEXAS and Joseph D. Lynch, Defendants.**

**Comerica Bank–Texas, Third–party Plaintiff,**

v.

**Richards & O'Neil, LLP, Third–party Defendants.**

**No. 98–CV–5790 ADS.**

United States District Court, E.D. New York.

Sept. 29, 2000.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

In this case, the Plaintiff, New York Islanders Hockey Club, L.P. ("Islanders") has brought this action against the Defendant, Comerica Bank-Texas ("Comerica"), and one of its executives, Joseph D. Lynch, alleging that Comerica and Lynch assisted one John Spano in a fraudulent attempt to purchase the team. Comerica filed a third-party complaint for contribution against the Islanders' law firm, Richards & O'Neil, LLP ("R&O") pursuant to N.Y. Gen. Obl. L. § 15-108, alleging that legal malpractice by R&O in failing to diligently investigate Spano's ability to make the purchase is partially or wholly responsible for the Islanders' loss. Presently before the Court is R&O's motion to dismiss the third-party complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

### BACKGROUND

The Court's recitation of the facts is set forth in its prior opinion, *New York Islanders Hockey Club v. Comerica Bank-Texas,* 71 F.Supp.2d 108 (E.D.N.Y.1999), and is incorporated by reference. In short, in 1996, Islanders was contacted by Spano, who expressed interest in purchasing the team. When Islanders inquired about Spano's financial means to pay a nearly $100 million asking price, Spano contacted Comerica, who sent Islanders a letter stating that "Mr. Spano maintains a net worth in excess of more than $100,000,000.00. We consider Mr. Spano to be a valued customer of our Bank, and he conducts his business in a satisfactory manner." In actuality, Spano had no significant assets. Taken in by this and other alleged deceptive acts by Spano and Comerica, Islanders proceeded to negotiate a sale and held a closing in April 1997. At that time, Islanders owner John O. Pickett turned over control of the team to Spano, even though Spano failed to produce the $16.8 million cash payment called for as part of the closing. In the weeks ahead, Spano continued to

Richards and O'Neil, LLP, New York City by Johnathan Zavin and Timothy Stephens, for Plaintiff New York Islanders Hockey Club, LLP and Third-party Defendant pro se.

Mayer, Brown & Platt, New York City by Steven Wolowitz and Thomas Muller, Defendant Third-party Plaintiff Comerica Bank-Texas.

Brill & Meisel, New York City by Mark N. Axinn, for Defendant Joseph D. Lynch.

stall, offering excuses for his failure to make the payment and promising that a check was forthcoming. Eventually, however, the scheme unraveled, and Pickett took back control of the team in 1997.

Alleging that Spano caused $ 10 million in damages to the club during his brief tenure as "owner," Islanders commenced this lawsuit against Comerica and its Senior Vice President Lynch on September 15, 1998. The complaint alleged, among other things, fraud and negligent misrepresentation, in that Comerica aided Spano in concealing his lack of resources to purchase the team. On October 9, 1999, this Court denied the Defendants' motion to dismiss the case. *Islanders,* 71 F.Supp.2d. 108. On November 8, 1999, Comerica filed a third-party complaint for contribution against R&O, alleging that the law firm negligently failed to act with due diligence in regard to Spano's finances prior to the sale, and negligently failed to take action even though suspicious evidence revealing Spano's fraud began emerging after the closing. The third-party complaint contends that R&O's legal malpractice contributed to Islanders' damages, and thus, R&O may be partially or wholly liable for any judgment obtained by Islanders against Comerica.

R&O now moves to dismiss the third-party complaint, arguing that it has secured a release from Islanders, and thus, is immune to contribution suits under the provisions of New York General Obligations Law § 15-108(b). In addition, R&O contends that the third-party complaint fails to state a claim for legal malpractice because: it had no duty to conduct the due diligence suggested by Comerica; Comerica cannot allege that R&O's negligence, if any, was the proximate cause of Islanders' loss; any damages caused by R&O's negligent acts will be chargeable to its principal, Islanders, and thus, offset any claim for contribution, rendering the third-party complaint unnecessary; and permitting R&O to be sued as Third-Party Defendants would subvert public policy, depriving Islanders of their chosen counsel.

In opposition, Comerica argues that the release obtained from Islanders was not given in good faith, and is thus outside of the provisions of Gen. Obl. L. § 15-108(b); that the third-party complaint adequately states a claim for legal malpractice; and that the contribution claim is necessary to protect Comerica's rights and does not offend public policies. Without obtaining leave of the Court, Comerica also filed a sur-reply brief, purporting to address issues raised by R&O for the first time in its reply brief. The Court has examined the sur-reply and finds that it raises no arguments that could not have been address by Comerica in its initial opposition brief. Therefore, the Court has not considered any of the arguments in Comerica's sur-reply. *Bonnie & Co. Fashions Inc. v. Bankers Trust Co.,* 945 F.Supp. 693, 707 (S.D.N.Y.1996).

### DISCUSSION

The court may not dismiss a third-party complaint under Fed.R.Civ.P. 12(b)(6) unless it appears beyond doubt that the defendant can prove no set of facts in support of its claim which would entitle it to relief. *King v. Simpson,* 189 F.3d 284, 286 (2d Cir.1999); *Bernheim v. Litt,* 79 F.3d 318, 321 (2d Cir.1996). The court must accept as true all factual allegations in the third-party complaint as true and draw all reasonable inferences in favor of defendant. *Id.; Jaghory v. New York State Dep't of Educ.,* 131 F.3d 326, 329 (2d Cir.1997). The issue to consider is not whether the defendant will ultimately prevail on the third-party complaint, but whether the claimant is entitled to offer evidence to support the claims. *Villager Pond, Inc. v. Town of Darien,* 56 F.3d 375, 378 (2d Cir.1995). The court must confine its consideration "to facts stated on the face of the third-party complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Tarshis v. Riese Organization,* 211 F.3d 30, 39 (2d Cir.2000); *Leonard F. v. Israel Discount Bank of N.Y.,* 199 F.3d 99, 107

(2d Cir.1999); *Hayden v. County of Nassau,* 180 F.3d 42, 54 (2d Cir.1999).

R&O's first argument is that it has been granted a release by Islanders and is thus immune from contribution claims under Gen Obl. L. § 15-108(b). This theory relies on a document- the release itself-- that is neither appended to nor incorporated by reference in the third-party complaint, nor any of the other pleadings filed to date. Because Comerica contests the validity of the release, given the less-than-arm's-length relationship between Islanders and R&O and the nominal consideration of $ 10 paid by R&O for the release when Islanders are claiming damages of $ 10 million against Comerica, the Court cannot rule on the issue without converting the instant motion to a motion for summary judgment under Rule 56. *Leonard F.,* 199 F.3d at 107, *citing* Rule 12(b) ("[if] matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment ... and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56"). Because converting the instant motion to a summary judgment motion under Rule 56 would necessarily entail adjourning the matter to permit Comerica to conduct discovery on the issues regarding the release, the Court finds that the more appropriate course of action is to exclude the release defense and deny R&O's motion without prejudice on this ground.

■ However, the Court finds that the third-party complaint should be dismissed on another ground. As Comerica alleges, R&O served as counsel to Islanders throughout the transaction in question. As such, Islanders is bound by the acts and omissions of R&O, and suffers the consequences of any missteps made by R&O in the course of its authorization. *Link v. Wabash RR Co.,* 370 U.S. 626, 633–34, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *S.E.C. v. McNulty,* 137 F.3d 732, 739 (2d Cir.1998); *Prate v. Freedman,* 583 F.2d 42, 48 (2d Cir.1978). Consequently, any culpable conduct by R&O, such as a negligent failure to properly investigate Spano's financial means, would be attributable to Islanders through agency principles. *Connell v. Weiss,* 1985 WL 428 (S.D.N.Y.1985) ("any recovery by the Connells against Weiss would be subject to an appropriate reduction for their agent's negligence" alleged in the third-party complaint).

Comerica cites *Schauer v. Joyce,* 54 N.Y.2d 1, 444 N.Y.S.2d 564, 429 N.E.2d 83 (1981), for the proposition that the New York law permits just such an action. In *Schauer,* the plaintiff retained Joyce as her attorney in a divorce action, and secured a divorce judgment including alimony. However, because of Joyce's negligence in filing a false affidavit, the plaintiff's ex-husband was able to have the alimony order dismissed. 54 N.Y.2d at 4, 444 N.Y.S.2d at 564, 429 N.E.2d 83. The plaintiff terminated Joyce and retained a second attorney, Gent, who was eventually able to partially restore the order. The plaintiff then sued Joyce for malpractice, and Joyce commenced a contribution action against Gent, alleging that Gent negligently failed to seek reinstatement of the order earlier. 54 N.Y.2d at 4-5, 444 N.Y.S.2d at 565, 429 N.E.2d 83. Reversing the dismissal of Joyce's claim against Gent, the Court of Appeals observed that both attorneys were potentially liable for the same harm-namely, the plaintiff's loss of alimony following Gent's retention-- and that Joyce thus had a viable claim for contribution under CPLR § 1401. 54 N.Y.2d at 6, 444 N.Y.S.2d at 565-66, 429 N.E.2d 83. However, in doing so, the Court of Appeals observed that this cause of action for contribution existed even though Joyce could assert the plaintiff's failure to mitigate damages as a defense to the main action. 54 N.Y.2d at 6-7, 444 N.Y.S.2d at 566, 429 N.E.2d 83.

■ While *Schauer* superficially appears to authorize Comerica's third-party complaint, a closer reading reveals it to be distinguishable on several bases. First, in *Schauer,* the Court of Appeals stated that

a party may assert an affirmative defense of failure to mitigate and a third-party action for contribution against the main plaintiff's attorney simultaneously. However, in this case, Comerica's allegations that R&O was negligent are not in the nature of an affirmative defense of failure to mitigate, but rather, are an element of Islanders' claims for fraud and misrepresentation on which Islanders, not Comerica, will bear the burden of proving that R&O was *not* negligent. An essential element of a claim for fraud or negligent misrepresentation is that the plaintiff justifiably relied on the misleading statements. *Cofacredit, S.A. v. Windsor Plumbing Supply,* 187 F.3d 229, 239 (2d Cir.1999). In other words, to prove its case, Islanders must demonstrate that it was justified in continuing to rely on Comerica's representations of Spano's wealth, even as the evidence that no such wealth existed slowly accumulated. *Id.* at 241 ("[w]here sophisticated businessmen engaged in major transactions enjoy access to critical information but fail to take advantage of that access, [courts] are disinclined to entertain claims of justifiable reliance"), *quoting Grumman Allied Indus. v. Rohr Indus., Inc.,* 748 F.2d 729, 737 (2d Cir.1984). The Court of Appeals' decision in *Schauer* does not necessarily compel the conclusion that a defendant can maintain a third-party action for contribution where the claim essentially duplicates an element of the plaintiff's own cause of action.

Finally, R&O cites several cases in which courts have dismissed third-party actions for contribution where the third-party plaintiff's interests were adequately protected by application of the doctrine of comparative fault in the main action. *See Eurocom, S.A. v. Mahoney, Cohen & Co.,* 522 F.Supp. 1179 (S.D.N.Y.1981); *Hercules Chemical Co. v. North Star Reinsurance Corp.,* 72 A.D.2d 538, 421 N.Y.S.2d 67 (1st Dept.1979). At least one of these cases, *Connell v. Weiss, supra.,* was decided after the Court of Appeals' decision in *Schauer.* In *Connell,* the seller in a failed real estate transaction brought an action for tortious interference with contract against the buyer's attorney, alleging that the attorney misrepresented to his client that the sellers had canceled a scheduled closing. *Id.* The buyer's attorney then commenced a third-party action for contribution against the seller's attorneys, claiming that their own negligence or misrepresentations caused the cancellation of the closing. The court dismissed the third-party action, finding that any acts by the sellers' attorney would be imputed to the seller for purposes of the main action against the buyer's attorney, and thus, there was no practical necessity to permit the third-party complaint for contribution. *Id.* at * 4. Although *Connell* does not directly cite *Schauer,* the court clearly found that the controlling state law at the time permitted dismissal under very similar circumstances to this case.

Accordingly, because the Court finds that the allocation of proof on Islanders claim against Comerica fully protects Comerica from liability for any negligence committed by R&O, the Court finds that Comerica's third-party complaint fails to state a claim for contribution, and is therefore dismissed.

However, the Court has serious concerns about the potential conflict of interest that arises from R&O's continued representation of Islanders in this matter. New York's Code of Professional Responsibility DR 5-102(d) states that "If, after undertaking employment in contemplated or pending litigation, a lawyer learns ... that the lawyer or a lawyer in his or her firm may be called as a witness on a significant issue other than on behalf of the client, the lawyer may continue the representation until it is apparent that the testimony may be prejudicial to the client at which point *the lawyer and the firm must withdraw* from acting as an advocate." (Emphasis added.)

Here, R&O acknowledges that the attorneys who handled to transaction will necessarily be major witnesses in the trial of this matter. However, in light of the discussion above, it is clear that Island-

ers will be calling these attorneys as its own witnesses, because Islanders must demonstrate justifiable reliance on Comerica's misstatements. Thus, R&O attorneys will not be "called as [witnesses] ... other than on behalf of the client" under D.R. 5-102(d). Moreover, there is no indication that R&O will necessarily be giving testimony adverse to Islanders. D.R. 5-102(d)'s mandatory disqualification only occurs if it is shown that the lawyer's testimony will be adverse to the client. *Toren v. Anderson, Kill & Olick, P.C.,* 185 Misc.2d 23, 710 N.Y.S.2d 799, 803 (2000).

Although the Court would ordinarily consider R&O's involvement with the Islanders' deal to be a conflict of interest warranting disqualification, under the particular circumstances of this case, the Court finds that R&O may continue to represent Islanders. As principal, Islanders will be charged with any acts or omissions committed by their agent R&O. Therefore, the two parties are, in actuality, completely united in interest for purposes of this proceeding. While it is conceivable that Islanders may, in the future, seek to hold R&O liable for alleged acts of negligence, in this case, the two parties will, by operation of law, present a united front. Accordingly, the Court finds that it is not necessary to disqualify R&O at this time.

### CONCLUSION

For the foregoing reasons, R&O's motion to dismiss the third-party complaint is GRANTED, and the third-party case is dismissed.

**SO ORDERED.**