[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff instituted a legal malpractice action against the defendant, Attorney Peter W. Shafran, in a six count complaint alleging breach of fiduciary duty, breach of contract, violation of the Connecticut Unfair Trade Practices Act (CUTPA), emotional distress, violation of 42 U.S.C. § 1983 and legal negligence/malpractice.[1]
Specifically, Sheylin alleges that Shafran was negligent in performing his duties and failing to conduct discovery while representing Shevlin in medical malpractice claim.[2] The relationship between Shevlin and Shafran lasted until June 10, 1999, when Shevlin discharged Shafran as his attorney. Subsequently, Shevlin retained Attorney Eddi Z. Zyko to represent him with respect to the same medical malpractice action. Shevlin alleges that as a result of Attorney Shafran's actions, the court denied Shevlin's motion for a continuance of trial after retaining his new counsel, Zyko, necessitating him to withdraw his complaint.
On January 24, 2000, Shafran filed an apportionment complaint pursuant to § 52-572h of the General Statutes against the successor attorney, Zyko, seeking a proportionate share of damages, should he recover damages. Zyko now moves to strike the apportionment complaint on five separate grounds, namely: (1) that monetary damage or economic loss do not fall within the purview of the phrase "damage to property," as that phrase is used in § 52-572h; (2) that an apportionment complaint cannot be brought in an action based on fiduciary obligations; (3) that the apportionment complaint violates public policy in Connecticut; (4) that there is no appropriate cause for the complaint against Zyko, since CT Page 14962 Shafran denies that Shevlin was injured; and (5) that the apportionment complaint is moot.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270 (1998). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Waters v.Autuori, 236 Conn. 820, 825 (1996). "If facts provable under the allegations would support a defense or a cause of action, the motion to strike must be denied." RK Constructors, Inc. v. Fusco Corp.,231 Conn. 381, 384 (1994). "The court must construe the facts in the complaint most favorably to the plaintiff" (Internal quotation marks omitted.) Waters v. Autuori, supra.
Zyko argues primarily that public policy in Connecticut prevents an attorney from seeking apportionment from a successor attorney in a legal malpractice action. Shafran argues that § 52-572h[3] of the General Statutes clearly applies to legal malpractice actions and, further, relies on case law from other jurisdictions that allow a defendant in a legal malpractice action to make a successor attorney a third-party defendant.
The Supreme and Appellate Courts have not ruled on the issue of whether public policy prohibits a former attorney from maintaining an apportionment claim against a successor attorney in a legal malpractice action. Whitaker v. Erdos Maddox, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 371896 (November 14, 2000, Skolnick,J.). The Appellate Court has only decided the issue of whether a former attorney can seek the defense of comparative negligence in a legal malpractice action. In Somma v. Gracey, 15 Conn. App. 371 (1988), the court held that "[i]n situations where the claim of malpractice sounds in negligence . . . the defense of comparative negligence should be made available." (Citation omitted.) Id., 378. Somma, however, is distinguishable because, in that case, the former attorney was seeking the defense of comparative negligence against a former client and not a successor attorney.
Notably, as both parties argue, there is a split among other jurisdictions with respect to this issue. Some hold that public policy prohibits a former attorney from filing a third party claim for indemnity or contribution against a successor attorney. See Melrose floor Co.,Inc. v. Lechner, 435 N.W.2d 90 (Minn.App. 1989); Holland v. Thacher,199 Cal.App.3d 924, 245 Cal.Rptr. 247 (1988); Waldman v. Levine,544 A.2d 683 (D.C.App. 1988); Hughes v. Housley, 599 P.2d 1250 (Utah CT Page 14963 1979); see also Olds v. Donnelly, 150 N.J. 424, 696 A.2d 633 (1997) (holding that the trial court properly dismissed the third party complaint because the successor attorney did not owe the predecessor attorney a duty of care). "Underlying the various formulations of the policy rationale is the concern that a cross-complaint for indemnity might adversely affect the relationship between the client and the successor attorney." Holland v. Thacher, supra, 199 Cal.App.3d 930.
However, there are jurisdictions that hold that a former attorney may assert a claim against a successor attorney for contribution or indemnification. See Parler Wobber v. Miles Stockbridge, P.C.,359 Md. 671, 756 A.2d 526 (2000) (unwilling to exempt a potential joint tortfeasor from accepting the blame for its negligent actions); Goran v.Glieberman, 276 Ill. App.3d 590, 659 N.E.2d 56 (1995) (holding that an attorney may seek contribution for a legal malpractice claim); Brown v.LaChance, 165 Wis.2d 52, 477 N.W.2d 296 (1991) (holding that the absence of privity between the attorneys did not defeat an action for contribution and indemnity); Maddocks v. Ricker, 403 Mass. 592,531 N.E.2d 583 (1988) (holding that the successor attorney is not immunized from liability to the former attorney for contribution if the negligence of each caused the same injury to the client); Schauer v.Joyce, 54 N.Y.2d 1, 429 N.E.2d 83, 444 N.Y.S.2d 564 (1981) (same).
Recently, two Superior Court judges directly addressed this issue. InGauthier v. Kearns, 47 Conn. Sup. 166, 178-79 (2001), the court concluded "that it violates public policy in Connecticut to permit successor counsel . . . entering a case to correct the alleged malpractice of other counsel, to be made a party to a malpractice action by the defendants in a malpractice action against them." The court found that the California and Minnesota cases and the principle espoused therein are more persuasive than the cases from New York and Illinois.[4]
In Whitaker v. Erdos Maddox, supra, Superior Court, Docket No. 371896, the plaintiff filed a complaint against the defendants, alleging that they were negligent in representing her in her underlying medical malpractice claim. The plaintiff alleged that "during the course of [the] lawsuit, the defendants did not respond to requests to revise, conduct discovery, or respond to a motion to dismiss for failure to prosecute." The plaintiff further alleged that "as a result of the defendants' conduct, the court entered a judgment of nonsuit against her." In the defendants' apportionment complaint against the successor attorney, the defendants alleged "that the damages the plaintiff allegedly suffered as a result of their conduct were caused in whole or in part by the negligence and carelessness of the apportionment defendant." The court struck the apportionment complaint on the ground that a claim for apportionment of liability by a predecessor attorney against a successor CT Page 14964 attorney in a legal malpractice claim is barred as against public policy.
In addition, in Whitaker v. Erdos Maddox, supra, Superior Court, Docket No. 371896, the court addressed some of the other claims made by Zyko in this case. The court held that because, the plaintiff claims only economic loss and not physical damage to or loss of use of property, § 52-572h does not apply to the plaintiffs claims. The court further found apportionment to be inapplicable because § 52-572h (k) specifically states that [t]his section shall not apply to breaches of trust or of other fiduciary obligation.
This court finds that Gauthier v. Kearns, supra, 47 Conn. Sup. 166, andWhitaker v. Erdos Maddox, supra, Superior Court, Docket No. 371896, to be persuasive and, therefore, adopts their reasoning. Our case law and public policy do not yet permit a plaintiffs former attorney, in a legal malpractice action, to seek apportionment from a successor attorney if indeed they ever will. Further, § 52-572h (k) states that apportionment is not available to breaches of trust or other fiduciary obligations and, here, Shevlin has alleged a cause of action for breach of fiduciary duty against Shafran.[5] Therefore, the motion to strike the apportionment complaint is, accordingly, granted.
Moraghan, J.T.R.