■ ARBOR REALTY FUNDING, LLC, Respondent, v HERRICK, FEINSTEIN LLP, Appellant. [962 NYS2d 73]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered August 29, 2012, which, to the extent appealed from, denied defendant's motion for summary judgment dismissing the first, second, fourth and fifth causes of action, unanimously affirmed, without costs.

Defendant argues that even if, but for its allegedly erroneous legal advice as to zoning issues, plaintiff would not have made bridge loans to the developer of a residential tower at 303 East 51st Street in Manhattan, plaintiff cannot establish legal malpractice or negligent representation because it cannot demonstrate that the zoning advice proximately caused its loss on the defaulted loans. Plaintiff made the loans in mid-2007. Defendant contends that the crane collapse at the project site in March 2008, which killed seven people, the market collapse beginning in late 2007 and continuing through 2008, and plaintiff's insufficient response to the Department of Buildings letter notifying plaintiff of its intent to revoke the project's building permits, constituted intervening events that severed the causal link between defendant's zoning advice and plaintiff's loss (*see Derdiarian v Felix Contr. Corp.*, 51 NY2d 308 [1980]).

There is, however, evidence in the record that raises an issue of fact as to causation (*see Brooks v Lewin*, 21 AD3d 731, 734 [1st Dept 2005], *lv denied* 6 NY3d 713 [2006]). It appears that potential takeout lenders had concerns about the zoning issues even before March 2008. To the extent later events contributed to plaintiff's loss, they are properly considered by a fact-finder (*see e.g. Schauer v Joyce*, 54 NY2d 1 [1981]). Concur—Friedman, J.P., Moskowitz, DeGrasse and Román, JJ.