■ In the Matter of NEW YORK DIET DRUG LITIGATION. CLARA APPEL-HOLE et al., Plaintiffs, et al., Intervenor-Plaintiffs, v WYETH-AYERST LABORATORIES et al., Defendants, et al., Intervenor-Defendants. PAUL J. NAPOLI et al., Third-Party Plaintiffs-Respondents, v PARKER WAICHMAN et al., Third-Party Defendants-Appellants. In the Matter of NEW YORK DIET DRUG LITIGATION. CLARA APPEL-HOLE et al., Plaintiffs, et al., Intervenor-Plaintiffs, v WYETH-AYERST LABORATORIES et al., Defendants, et al., Intervenor-Defendants. PAUL J. NAPOLI et al., Third-Party Plaintiffs-Respondents, v PARKER WAICHMAN et al., Third-Party Defendants-Appellants. In the Matter of NEW YORK DIET DRUG LITIGATION. CLARA APPEL-HOLE et al., Plaintiffs, et al., Intervenor-Plaintiff, v WYETH-AYERST LABORATORIES et al., Defendants, et al., Intervenor-Defendants. PAUL J. NAPOLI et al., Third-Party Plaintiffs-Respondents, v PARKER WAICHMAN et al., Third-Party Defendants-Appellants. [63 NYS3d 668]—

Orders, Supreme Court, New York County (Charles E. Ramos, J.), entered February 16, 2016 and February 19, 2016, which, to the extent appealed from, denied third-party defendants' motions to dismiss the third-party claims for contribution based on liability for common-law fraud, unanimously reversed, on the law, with costs, and the motions granted.

Intervenor plaintiffs in each of these three actions were the

plaintiffs in the New York Diet Drug Litigation. They were represented in the litigation by intervenor defendants/third-party plaintiffs, who negotiated settlements (settling counsel). They had been referred to settling counsel by third-party defendants (referring counsel). Intervenor plaintiffs allege that settling counsel engaged in common-law fraud in allocating costs and settlement amounts as between their direct and referred clients. Settling counsel asserted third-party claims for contribution, alleging that referring counsel failed to object to any of the settlements despite scrutinizing each one closely to determine whether it was fair and reasonable.

To succeed on their fraud claims, intervenor plaintiffs must demonstrate that they were justified in relying on settling counsel's alleged misrepresentations (*Ambac Assur. Corp. v Countrywide Home Loans, Inc.*, 151 AD3d 83 [1st Dept 2017]). If referring counsel, intervenor plaintiffs' agents, received notice requiring them to take steps to stop the settlements, the notice would be imputed to intervenor plaintiffs, who consequently would be unable to demonstrate justifiable reliance; the defeat of the fraud claim would obviate the claim for contribution based on liability for fraud (*see New York Islanders Hockey Club, LLP v Comerica Bank-Texas*, 115 F Supp 2d 348, 351-352 [ED NY 2000] [dismissing third-party claim for contribution "where the claim essentially duplicate(d) an element of the plaintiff's own cause of action"]). Contrary to settling counsel's contention, the third-party complaints do not allege facts from which it could be inferred that referring counsel were acting outside the scope of their representation or had totally abandoned intervenor plaintiffs' interests with regard to the settlements (*see Kirschner v KPMG LLP*, 15 NY3d 446, 466-467 [2010]). Concur—Friedman, J.P., Kapnick, Webber, Gesmer and Oing, JJ.