Bloostein v Morrison Cohen, LLP (2018 NY Slip Op 03604)





Bloostein v Morrison Cohen, LLP


2018 NY Slip Op 03604


Decided on May 17, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 17, 2018

Acosta, P.J., Tom, Mazzarelli, Kern, JJ.


6613 651242/12

[*1]Jonathan Bloostein, et al., Plaintiffs,
v
Morrison Cohen, LLP, et al., Defendants.
Morrison Cohen, LLP, et al., Third-Party Plaintiffs-Respondents,
v
Brown Rudnick LLP, Third-Party Defendant-Appellant. [And a Fourth-Party Action]


Lewis Brisbois Bisgaard & Smith LLP, New York (Jamie R. Wozman of counsel), for appellant.
Ingram Yuzek Gainen Carroll & Bertolotti, LLP, New York (David Ebert of counsel), for respondents.



Order, Supreme Court, New York County (Anil C. Singh, J.), entered July 12, 2016, which, to the extent appealed from, denied third-party defendant Brown Rudnick LLP's motion to dismiss the contribution claim against it with respect to its issuance of a tax opinion letter, unanimously affirmed, with costs.
This dispute concerns a tax opinion letter sent by Brown Rudnick to plaintiff investors. The letter allegedly misstated the trigger of a default that would terminate the tax benefits that were a purpose of the underlying transaction. The third-party complaint sufficiently pleads causation by alleging that the tax opinion letter was a contributing factor in plaintiffs' injury; the alleged misstatement need not be the sole proximate cause of the injury (see Schauer v Joyce , 54 NY2d 1, 5 [1981]). We reject Brown Rudnick's argument that the purpose and content of the tax opinion letter were limited to the initial tax consequences of the transaction; plaintiffs' concern was in the continuing viability of the tax benefits. Accorded the benefit of every favorable inference, the allegations that plaintiffs relied on the tax opinion letter and would not have entered into the underlying transaction absent the letter's solitary reference to the wrong default [*2]trigger are sufficient to withstand dismissal.
We have considered Brown Rudnick's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 17, 2018
CLERK