■ HERCULES CHEMICAL COMPANY, INC., Plaintiff, v NORTH STAR REINSURANCE CORPORATION, Defendant and Third-Party Plaintiff-Appellant, and BOWER & GARDNER, Third-Party Defendant. BONDY & SCHLOSS, Third-Party Defendant-Respondent.—Order, Supreme Court, New York County, entered June 14, 1979, granting third-party defendant's motion to dismiss the third-party complaint as to it, unanimously affirmed, with costs and disbursements. In affirming the dismissal, we find it unnecessary, as Special Term did, to reach the issue of whether a third-party complaint may be stated against attorneys who, it is alleged, were negligent in the performance of legal services rendered to the plaintiff. Indeed, the issue does not even appear to be in the case. The third-party complaint sought only contribution from these attorneys, pursuant to CPLR 1401. It did not allege any wrongdoing directed against the third party. In its answer the third-party plaintiff set up as an affirmative defense the negligence of the attorneys, thus limiting the plaintiff's recovery against the defendant third-party plaintiff, under the comparative negligence standard now in effect in New York, to so much of the damages attributable, pro tanto, to that party's conduct. Because we do have a comparative negligence standard, it is no longer necessary to resort to the rule that where a principal sues more than one agent, the negligence of any of them is not imputed to the principal so as to bar recovery against the others on the ground of contributory negligence. (See Brown v Poritzky, 30 NY2d 289, 292.) Thus, the third-party plaintiff's concern that it will be unable to impute the attorneys' negligence to the plaintiff and that it requires contribution to reach the same result is ill founded. Suffice to say, by its affirmative defense, the third-party plaintiff is afforded all the protection to which it is entitled at the pleading stage. Concur—Kupferman, J. P., Birns, Sullivan, Lane and Ross, JJ.