**EUROCOM, S. A., Plaintiff,**

v.

**MAHONEY, COHEN & COMPANY, Defendant.**

**No. 81 Civ. 116–CSH.**

United States District Court, S. D. New York.

Sept. 30, 1981.

**1180**

Cleary, Gottlieb, Steen & Hamilton, New York City, for plaintiff; James C. Blair, Evan A. Davis, New York City, of counsel.

Siff & Newman, P. C., New York City, for defendant; Jerome L. Merin, Benjamin Vinar, New York City, of counsel.

## MEMORANDUM OPINION AND ORDER

HAIGHT, District Judge:

Defendant originally moved pursuant to Rule 14(a), F.R.Civ.P., for leave to add the firm of Cleary, Gottlieb, Steen & Hamilton ("Cleary, Gottlieb"), attorneys for plaintiff, as third-party defendants. Plaintiff and Cleary, Gottlieb resisted that motion. As the arguments developed, defendant's motion became transformed, at least in the alternative, into a motion that Cleary, Gottlieb be disqualified from representing plaintiff, pursuant to Code of Professional Responsibility, Appendix to the Judiciary Law, 29 McKinney's Consol. Laws of New York (1975). For the reasons stated, that alternative motion is granted.

Plaintiff Eurocom, S. A., the successor in interest to a French corporation called Compagnie Univas, brought this suit against defendant Mahoney, Cohen & Company, an accounting firm, to recover damages allegedly sustained by Univas as the result of its investment in the common stock of Kelly, Nason, Incorporated, a New York advertising agency. At the pertinent times, the defendant acted as certified public accountant to Kelly, Nason. Plaintiff alleges that Univas relied upon certain false and fraudulent representations made to Univas by defendant with respect to Kelly, Nason's financial condition. Causes of action are asserted under the federal securities laws, and by pendent jurisdiction, under principles of common law fraud, contract and negligence. Jurisdiction is also asserted on the basis of diversity of citizenship.

Defendant sought to implead the Cleary, Gottlieb firm because Cleary, Gottlieb represented Univas in connection with the underlying transaction. Defendant's theory is that Cleary, Gottlieb, in its capacity as legal representative of Univas, was reckless or negligent in failing to discover or advise Univas of those facts which plaintiff alleges defendant concealed from Univas, to the latter's detriment.

The motion papers debate at length the legal sufficiency of defendant's claims for indemnity or contribution against Cleary, Gottlieb. But I need not resolve those interesting questions. Plaintiff concedes that if the Cleary, Gottlieb firm was negligent as alleged in its performance of legal services rendered to plaintiff, such negligence would be imputable to Univas, and that, in the circumstances of this case, plaintiff's recovery may be subject to reduction under the New York comparative negligence doctrine. Thus, plaintiff argues, there is no practical necessity for defendant to implead plaintiff's attorneys. Plaintiff cites *Hercules Chemical Co., Inc. v. North Star Reinsurance Corp.*, 72 A.D.2d 538, 421 N.Y.S.2d 67 (1st Dept. 1979), for that proposition, and the citation appears to be apt.

It necessarily follows, however, that Cleary, Gottlieb must be disqualified as counsel for plaintiff. The actions which Cleary, Gottlieb took or failed to take in connection with the underlying transaction will obviously be explored by defendant at trial. Disciplinary Rule 5–101(B) requires that a lawyer not accept employment in contemplated or pending litigation "if he knows or it is obvious that he or a lawyer in his firm ought to be called as a witness..." Defendant argues that the nature of its charges against the Cleary, Gottlieb firm are such that a partner of that firm "ought" to be called as a witness at trial, in rebuttal if not in connection with plaintiff's direct case.

Plaintiff responds that the Cleary, Gottlieb partner who worked on the underlying commercial transaction is now dead, and the associate no longer with the firm, so that no one with knowledge of the underlying facts remains with the firm. As to the possibility of exculpatory evidence in rebuttal, plaintiff contends that it would offer such proof from independent legal sources, not affiliated with the Cleary, Gottlieb

firm. Thus, it is said, Rule DR5–101(B) has no office to perform in the circumstances of the case.

 I am not wholly persuaded by this argument. The operative question is whether a member of the firm involved in the trial "ought" to be called as a witness, not whether plaintiff presently plans to do so; nor does the Code make a distinction between a witness appearing in the case in chief or on rebuttal. *J. P. Foley & Co. v. Vanderbilt*, 523 F.2d 1357, 1359 (2d Cir. 1975). The trial court must make an independent evaluation of whether a member of the firm in question "ought" to testify at trial. In the case at bar, while there are undoubtedly independent witnesses available to plaintiff to testify that Cleary, Gottlieb did nothing wrong, the jurors may nevertheless be puzzled at the failure of a Cleary, Gottlieb partner to appear as a witness in defense of his firm, at least in rebuttal. And that potential puzzlement, which seems reasonable enough to anticipate in the circumstances of the case, could prejudice plaintiff.

 But I do not base my decision solely upon the application of this particular rule. At best, the question is uncertain; but the Court is not bound, in enforcing the Rules of Professional Responsibility, by concepts of strict construction. Judge Gurfein, concurring in *Foley, supra*, at 1359–60, stated generally:

> "First, I think a court need not treat the Canons of Professional Responsibility as it would a statute that we have no right to amend. We should not abdicate our constitutional function of regulating the Bar to that extent. When we agree that the Code applies in an equitable manner to a matter before us, we should not hesitate to enforce it with vigor. When we find an area of uncertainty, however, we must use our judicial process to make our own decision in the interests of justice to all concerned."

 Taking that more general view, I conclude that Cleary, Gottlieb must be disqualified, whether or not, strictly speaking, the "witness" rule applies. A potential conflict arises between Cleary, Gottlieb and its own client. Under *Hercules, supra*, plaintiff's recovery is subject to possible diminution by Cleary, Gottlieb's fault (assumed *arguendo* for the sake of this discussion only).[1] If the jury reached such a conclusion, Cleary, Gottlieb would presumably face a malpractice action, brought by its own client. In these circumstances, Cleary, Gottlieb has its own interest in minimizing its role during the underlying commercial transaction, and maximizing that of the plaintiff's own representatives, so that any factors tending to reduce plaintiff's recovery would not be laid at the door of Cleary, Gottlieb. Secondly, the theory defendant asserts against Cleary, Gottlieb constitutes an inevitable complicating factor in settlement discussions. The possibility of settlement is always encouraged by the Court; but the parties are entitled to advice on that subject from counsel who are entirely uninhibited by any personal involvement of their own in the merits.

Of course, I intimate no view with respect to the merits of defendant's allegations against the Cleary, Gottlieb firm. That remains a matter for discovery and trial. But I do conclude that, in these circumstances, Cleary, Gottlieb must be disqualified as trial counsel for plaintiff.

Therefore the Cleary, Gottlieb firm is disqualified as counsel for plaintiff in this action. Plaintiff is directed to arrange for the substitution of counsel within twenty (20) days of the date of this order, unless that time is extended for good cause shown.

It is So Ordered.

---

1. Plaintiff also argues that negligence on the part of plaintiff or Cleary, Gottlieb would not be a defense to an action for intentional misrepresentation, even to reduce recovery; and that if Cleary, Gottlieb were found to be negligent towards its client, it could pursue defendant for indemnity, to the extent that defendant's fraud induced the negligence. Assuming the legal validity of those arguments, they do not entirely eliminate the problem.