■ GABE PRESSER, Appellant, v M. SPIEGEL & SONS OIL CORPO-RATION et al., Respondents. — In an action to recover damages for personal injuries sustained as a result of an alleged assault, plaintiff appeals, as limited by his brief, from so much of (1) an order of the Supreme Court, Rockland County (Edelstein, J.), entered August 12, 1983, as granted a motion to disqualify plaintiff's counsel and (2) a further order of the same court, entered October 13, 1983, as, upon granting reargument, adhered to the original determination.

Appeal from the order entered August 12, 1983 dismissed, without costs or disbursements. That order was superseded by the order entered upon reargument.

Order entered October 13, 1983 affirmed, insofar as appealed from, without costs or disbursements.

From the very inception of this matter, it should have been "obvious" to plaintiff's counsel that he "ought to be called as a witness" and, therefore, he should not have accepted employment in the contemplated litigation (Code of Professional Responsibility, DR 5-101, subd [B]; see *Hempstead Bank v Reliance Mtge. Corp.*, 81 AD2d 906; *North Shore Neurosurgical Group v Leivy*, 72 AD2d 598). As defendants urged before Special Term, plaintiff's counsel will be called upon to testify regarding the plaintiff's physical condition after the assault took place, a particularly important issue inasmuch as plaintiff did not seek medical attention until more than 90 hours after the incident. In addition, defendant Reimo intends to call plaintiff's counsel as a witness with respect to giving supporting testimony as to his claim of self-defense and misidentification.

Because such disqualification should have been evident at the outset, there is no need for defendants to demonstrate that counsel's testimony would be adverse to his client (compare Code of Professional Responsibility, DR 5-101 with DR 5-102; *Ocean-Clear, Inc. v Continental Cas. Co.*, 94 AD2d 717). Titone, J. P., Mangano, Brown and Rubin, JJ., concur.