■ JAMES W. HOERGER et al., Respondents, v BOARD OF EDUCATION OF THE GREAT NECK UNION FREE SCHOOL DISTRICT, Appellant, et al., Defendant.—Appeal by the Board of Education of the Great Neck Union Free School District from an order of the Supreme Court, Nassau County, dated October 17, 1984.

■ JAMES W. HOERGER et al., Respondents-Appellants, v BOARD OF EDUCATION OF THE GREAT NECK UNION FREE SCHOOL DISTRICT, Appellant-Respondent, et al., Defendant.—In an action, *inter alia,* to recover damages for breach of a collective bargaining agreement, (1) the defendant Board of Education of

the Great Neck Union Free School District (hereinafter the board) appeals from an order of the Supreme Court, Nassau County (Molloy, J.), dated December 20, 1985, which granted the plaintiffs' motion to disqualify the law firm representing it, and from so much of an order of the same court, dated February 13, 1986, as, upon reargument, adhered to its prior determination; and (2) the plaintiffs cross-appeal from so much of the order dated February 13, 1986, as modified the order dated December 20, 1985, as permitted the disqualified law firm to argue two pending appeals in the action and to consult with and assist substitute counsel with remaining pretrial proceedings.

Ordered that the board's appeal from the order dated December 20, 1985 is dismissed, without costs or disbursements, as that order was superseded by the order dated February 13, 1986, made upon reargument; and it is further,

Ordered that the order dated February 13, 1986 is affirmed, insofar as appealed from by the board, without costs or disbursements; and it is further,

Ordered that, upon the application of the plaintiffs, their cross appeal from the order dated December 20, 1985 is withdrawn, without costs or disbursements.

The underlying action herein was commenced by the plaintiffs against the board and the defendant Great Neck Teachers Association, Inc., *inter alia,* to recover damages for breach of contract, and fraud *(see, Hoerger v Board of Educ.,* 98 AD2d 274; *see also, Hoerger v Board of Educ.,* 127 AD2d 88).* Jerome Ehrlich, a member of the law firm which was defending the board in the underlying action, was the chief labor negotiator for the board, and executed, on its behalf, agreements with three individual teachers which are the subject of the underlying action. Ehrlich's personal knowledge and involvement in these crucial events made it obvious from the inception of this action that he "ought to be called as a witness" (Code of Professional Responsibility DR 5-101 [B]; *Presser v Spiegel & Sons Oil Corp.,* 106 AD2d 560; *Hempstead Bank v Reliance Mtge. Corp.,* 81 AD2d 906; *North Shore Neurosurgical Group v Leivy,* 72 AD2d 598).

It is further apparent that Ehrlich's participation in the relevant transactions would place him " 'in circumstances where an unfavorable inference might be drawn from his failure to appear' " *(see, Pulichino v Pulichino,* 108 AD2d 803; *Hempstead Bank v Reliance Mtge. Corp., supra).* Finally, we are not persuaded by the argument that disqualification would

work a hardship upon the board. Accordingly, Special Term did not error when it disqualified the board's law firm. Mangano, J. P., Lawrence, Weinstein and Eiber, JJ., concur.