. Patricia WICKES, Plaintiff,

v.

Benjamin WARD, et al., Defendants.

No. 87 CIV. 3695 (SWK).

United States District Court,
S.D. New York.

Feb. 27, 1989.

Giaimo, Vreeburg, Previte, Farber & Rosen, Rego Park, N.Y. by Joseph O. Giaimo, for plaintiff.

Peter L. Zimroth, Corp. Counsel, of The City of New York, New York City by Leslie Feiner, Asst. Corp. Counsel, for defendants.

## MEMORANDUM OPINION AND ORDER

KRAM, District Judge.

Plaintiff brings this action for a declaratory judgment, injunctive relief and damages pursuant to Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. § 1983 and § 1985. In her complaint, plaintiff alleges that the defendants conspired, in violation of Title VII, to deprive her of her right to equal protection and due process. Presently before this Court is defendants' motion to disqualify Joseph Giaimo and the law firm of Giaimo, Vreeburg, Previte, Farber & Rosen as counsel to plaintiff. Defendants contend that Mr. Giaimo is likely to become a witness should this case go to trial, and that his continued participation as plaintiff's advocate is violative of the A.B.A. Code of Professional Responsibility, Disciplinary Rules 5–101(B) and 5–102(A). For the following reasons, defendants' motion is granted.

## BACKGROUND

In a prior opinion, dated January 11, 1988, familiarity with which is assumed, this Court denied plaintiff's motion for a preliminary injunction and granted in part defendants' motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants' motion to dismiss on the ground that this Court should abstain was denied, as was defendants' alternative motion to stay this action.

The underlying dispute in this action involves a disciplinary trial before the New York City Police Department ("N.Y.C.P.D.") in which plaintiff, a New York City policewoman, alleges that she was denied due process. Plaintiff alleges that her attorney, Mr. Giaimo, is one of three individuals who participated in an off-the-record sidebar conference at plaintiff's disciplinary hearing where N.Y.C.P.D. Trial Commissioner Poretz, the hearing officer, allegedly made statements that caused Giaimo to change his trial strategy and forego calling several witnesses. In particular, plaintiff alleges that Poretz stated that, at the time, he did not think that he would recommend dismissal even if he found plaintiff guilty of the charges. Plaintiff rested her case in alleged reliance on Poretz's statements. After resting her case, Poretz rendered a recommendation for plaintiff's dismissal, in contravention of his statements at the sidebar. Plaintiff fur-

ther alleges that by reneging on these statements upon which Giaimo relied, Poretz deprived plaintiff of a fair trial. In addition, plaintiff claims that during the sidebar conference, Poretz demonstrated bias against plaintiff and one of plaintiff's witnesses.

Defendants argue that the off-the-record sidebar conference is the focal point of plaintiff's due process claim against the defendants, and consequently seek disqualification of Giaimo and his firm from representing plaintiff at trial. Defendants contend that in order to substantiate her case, plaintiff will require Giaimo's testimony concerning Poretz's statements and demeanor at the sidebar. Furthermore, defendants foresee deposing Giaimo and calling him as a witness at trial. Since Mr. Giaimo is likely to become a witness should this case go to trial, defendants contend that his continued participation as plaintiff's counsel is violative of the A.B.A. Code of Professional Responsibility.

## DISCUSSION

Defendants' motion is predicated upon Disciplinary Rule ("DR") 5–102 of the Code of Professional Responsibility of the American and New York State Bar Associations ("Code"), which provides:

> If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial, except that he may continue the representation and he or a lawyer in his firm may testify in the circumstances enumerated in DR 5–101(B)(1) through (4).

The test for disqualifying counsel under this disciplinary rule is not whether the attorney will be called as a witness, or whether the plaintiff presently plans to call the attorney, but whether the attorney "ought" to be called. *J.P. Foley & Co. v. Vanderbilt*, 523 F.2d 1357, 1359 (2d Cir. 1975); *Eurocom, S.A. v. Mahoney, Cohen & Co.*, 522 F.Supp. 1179, 1181 (S.D.N.Y.

1981); *MacArthur v. Bank of New York*, 524 F.Supp. 1205, 1208 (S.D.N.Y.1981). If an attorney "ought" to be called, then the mandatory nature of the rule requires the attorney's disqualification. "Where the question [of testimony versus representation] arises doubts should be resolved in favor of the lawyer testifying and against his becoming or continuing as an advocate. A party can be represented by other attorneys, but cannot obtain substitute testimony for a counsel's relevant, personal knowledge." *MacArthur, supra*, 524 F.Supp. at 1209 (citation omitted).

The phrase "ought to be called as a witness" has been construed to include an attorney who has crucial information in his possession that must be divulged in the course of trial. *Universal Athletic Sales Co. v. American Gym, Recreational & Athletic Equip. Corp.*, 546 F.2d 530, 539 n. 21 (3d Cir.1976), *cert. denied*, 430 U.S. 984, 97 S.Ct. 1681, 52 L.Ed.2d 378 (1977); *SMI Industries Canada, Ltd. v. Caelter Industries, Inc.*, 586 F.Supp. 808, 817 (N.D.N.Y. 1984). According to this Court, "[t]he test is whether the attorney's testimony could be significantly useful to his client; if so, he ought to be called." *MacArthur, supra*, 524 F.Supp. at 1208.

In the case at bar, it is clear from the facts that plaintiff's counsel "ought to testify". Plaintiff's attorney, Giaimo, clearly has information crucial to plaintiff's case. Plaintiff's case against Poretz rests substantially, if not entirely, on the nature of what Giaimo heard Poretz say at the sidebar conference. Moreover, plaintiff has put her litigation strategy in issue. Plaintiff's claim of a change in strategy due to the alleged statements by Poretz can only be based upon what Giaimo believes he heard Poretz say and its effect on his strategy in the hearing. Although other witnesses may be available to testify as to what was said, only Giaimo can testify as to the effect the alleged statements had on the litigation strategy he devised for the plaintiff.

In addition, defendants anticipate possibly calling Giaimo as a witness. *See* Affidavit of Leslie A. Feiner, Assistant Corpo-

ration Counsel, City of New York at 7. As plaintiff has put her litigation strategy in issue, defendants are entitled to question Giaimo concerning his litigation strategy.[1] It is clear that Giaimo ought to testify as to what he heard and observed at the sidebar and its effect on plaintiff's litigation strategy. Thus, DR 5–102(A) requires Giaimo's disqualification from further representation of plaintiff at the trial of this action.

DR 5–101(B) enumerates four exceptions to mandatory disqualification, none of which apply in the present action. Disciplinary Rule 5–101(B), which sets forth the exceptions to DR 5–102, provides:

> A lawyer shall not accept employment in contemplated or pending litigation if he knows or it is obvious that he or a lawyer in his firm ought to be called as a witness, except that he may undertake the employment and he or a lawyer in his firm may testify:
>
> (1) If the testimony will relate solely to an uncontested matter; or
>
> (2) If the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony; or
>
> (3) If the testimony will relate solely to the nature and value of legal services rendered in the case by the lawyer or his firm to the client; or
>
> (4) As to any matter, if refusal would work a substantial hardship on the client because of the distinctive value of the lawyer or his firm as counsel in the particular case.

Since defendants have indicated their intent to contest Giaimo's version of the sidebar conference, the Court finds no basis for applying the exceptions under DR 5–101(B)(1) and (2) (exceptions to disqualification if the testimony will relate solely to an uncontested matter or if it will relate solely to a matter of formality and there is no reason to believe substantial evidence will be offered in opposition). Furthermore, DR 5–101(B)(3), which provides a narrow exception for testimony that relates solely to the nature and value of legal services, clearly is not applicable to plaintiff's case.

Finally, DR 5–101(B)(4) provides an exception if disqualification "would work a substantial hardship on the client because of the distinctive value of the lawyer or his firm as counsel in the particular case." This Court has held that the "substantial-hardship" exception must be narrowly construed. *MacArthur, supra,* 524 F.2d at 1210. In the instant case, plaintiff will not suffer any substantial hardship from Giaimo's disqualification. Nor does plaintiff offer any convincing proof that either Giaimo, or his firm, provides any distinctive value to her case that cannot be provided by substituted counsel. This case does not require any special expertise unique to Mr. Giaimo or his firm. Plaintiff also has not convincingly argued that the relationship between plaintiff and Mr. Giaimo is of such long-standing character as to make disqualification a substantial hardship. The expense and delay routinely incident to disqualification do not satisfy the substantial-hardship exception. *Id.* There is no reason plaintiff cannot retain another attorney who would be free to call Giaimo as a witness at trial. DR 5–102(A) also requires that "[w]here an attorney should testify on his client's behalf, a disqualification order typically will include any firm currently employing the attorney-witness." *Two's Company, Inc. v. Transamerica Insurance Co.,* 653 F.Supp. 255, 259 (S.D.N.Y.1986). Accordingly, both Giaimo and all members of the firm of Giaimo, Vreeburg, Previte, Farber & Rosen are disqualified from further representation of plaintiff in the instant case.

### Conclusion

Defendants' motion to disqualify plaintiff's attorneys is granted for the aforementioned reasons.

SO ORDERED.

---

**1.** The Code does not make a distinction between a witness appearing in the case-in-chief or on rebuttal. *Eurocom, supra,* 522 F.Supp. at 1181; *J.P. Foley & Co., supra,* 523 F.2d at 1359.