The **MUTUAL LIFE INSURANCE COMPANY OF NEW YORK**, Plaintiff,

v.

**LIBERTY MUTUAL INSURANCE COMPANY**, Defendant.

**No. 89 Civ. 4028 (RPP).**

United States District Court,
S.D. New York.

Sept. 28, 1990.

Schlam, Stone & Dolan, New York City by Ahuva Genack, for plaintiff.

Waxman & Miller, Great Neck, N.Y. by Kenneth Morelli, for defendant.

OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

This is an action for breach of contract based on an insurance policy issued by defendant to plaintiff. Defendant has moved to disqualify Ahuva Genack and the law firm of Schlam, Stone & Dolan from acting as pre-trial counsel in this action.[1] For the reasons set forth below, defendant's motion to disqualify is granted.

The Mutual Life Insurance Company of New York ("MONY") purchased a liability insurance policy from Liberty Mutual In-

---

**1.** MONY has retained new trial counsel but seeks to have Schlam, Stone & Dolan and Genack represent MONY in pending motions for summary judgment.

surance Company ("Liberty") effective January 1, 1982 obligating Liberty to indemnify and defend MONY in certain types of covered litigation.

In 1982, MONY brought an action, *The Mutual Life Insurance Company of New York v. Cooprider*, Index No. 3412/83, in New York Supreme Court seeking damages from its former employee, Cooprider. In addition to asserting defenses Cooprider pleaded a counterclaim allegedly covered by the policy of insurance. MONY, who had retained the law firm of Davis, Polk and Wardwell for the *Cooprider* litigation, advised Liberty of the counterclaim in 1985 in order to gain indemnification for, and defense of, the counterclaim. Liberty approved MONY's selection of counsel. Genack, an attorney then employed by Davis, Polk and Wardwell, was assigned line responsibility for MONY on the Cooprider litigation. In November 1986 she moved to the firm of Schlam, Stone & Dolan, where she continued representing MONY in the litigation including defending the Cooprider counterclaim. Prior to Genack's leaving Davis, Polk and Wardwell, a dispute arose between Liberty and MONY over the amount of legal fees being incurred and Liberty refused to pay Davis, Polk and Wardwell beyond an initial payment. MONY settled the lawsuit by payment of $1.6 million to Cooprider during trial in March 1989.

In this action commenced thereafter in 1989, MONY seeks reimbursement from Liberty under the insurance policy for approximately $1 million in legal fees which it paid to Davis, Polk and Wardwell, and $400,000 in fees paid to Schlam, Stone & Dolan. Plaintiff's counsel on oral argument agreed that Liberty refused payment of legal fees billed by Davis, Polk and Wardwell after May and June of 1987, while *MONY v. Cooprider* was still in progress. *See also* Complaint ¶¶ 12–13. Liberty's denial was based in part on (1) the allegation that at least certain work billed was not performed in defending the counterclaim but in fact related to prosecuting MONY's claims against Cooprider; and (2) the allegation that attorneys at Davis, Polk and Wardwell and Schlam, Stone & Dolan "churned" unnecessary legal work in the course of the representation. Morelli Aff. ¶¶ 73, 77, 83. This action was commenced by MONY almost two years later at which time it retained Genack and Schlam, Stone & Dolan to obtain reimbursement from Liberty.

▪ Liberty bases its motion to disqualify on DR 5–102(A) of the Disciplinary Rules of the Lawyer's Code of Professional Responsibility, as adopted by the Appellate Divisions of the Supreme Court of New York, effective September 1, 1990:

> If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that the lawyer ought to be called as a witness on behalf of the client, the lawyer shall withdraw as an advocate before the tribunal, except that the lawyer may continue as an advocate and may testify in the circumstances enumerated in DR 5–101(B)(1) through (4).

However, the Court finds DR 5–101(B) to be the controlling provision:

> A lawyer shall not act, or accept employment that contemplates the lawyer's acting, as an advocate before any tribunal if the lawyer knows or it is obvious that the lawyer ought to be called as a witness on behalf of the client, except that the lawyer may act as an advocate and also testify:
>
> ... (3) If the testimony will relate solely to the nature and value of legal services rendered in the case by the lawyer or the lawyer's firm to the client.

Unfortunately, counsel in this action has been retained and has accepted retention in disregard of the intent of Canon 5. Canon 5 is headed, "A Lawyer Should Exercise Independent Professional Judgment on Behalf of a Client." The purpose is clear. An attorney should not accept employment unless it is clear he will be able to exercise his independent professional judgment.

The test of whether the attorney "ought to be called" under DR 5–102(A), and thus also under DR 5–101(B), is whether the attorney's testimony "could be significantly useful" to the client. *MacArthur v. Bank*

*of New York,* 524 F.Supp. 1205, 1208 (S.D. N.Y.1981). If the attorney's testimony "could be significantly useful," then the attorney "ought to be called" under the Rule and the attorney "shall not accept" employment in the case. If a lawyer is to testify, there is a high probability that his testimonial role will affect his role as counsel adversely.

It should have been obvious prior to retention in this case that Genack's testimony "could be significantly useful" to MONY on the issue of the reasonableness and necessity of legal services provided in the *Cooprider* litigation. She was a senior associate at Davis, Polk and Wardwell assigned to the case. In all likelihood she made strategic recommendations to the partner in charge and coordinated the billable work of lower-level attorneys. *See Wickes v. Ward,* 706 F.Supp. 290, 292 (S.D. N.Y.1989) (attorney "ought to be called" under DR 5–102 where litigation strategy was in issue).

Plaintiff argues that it was not until defendant's answer in this action that the possibility of testimony by its attorneys surfaced. Plaintiff's counsel claims that Liberty never challenged the reasonableness or necessity of the services provided prior to its claims in the present action. Genack Aff. ¶ 20. The record indicates, however, that Liberty refused to pay fees charged by Davis, Polk in the *Cooprider* litigation as early as May 1987 and possibly as early as November 1986. This action was commenced in mid–1989.

Because Genack and Schlam, Stone and Dolan should not have accepted employment in this matter in the first place, disqualification for all purposes is the appropriate remedy. Genack urges, however, that she and her firm be permitted to continue as pre-trial counsel including the arguing of a motion for summary judgment. Genack was advised at a conference on April 23, 1990, that a motion to disqualify her was forthcoming, yet she prepared the summary judgment motion and served it on August 31, 1990, after the disqualification motion had been made. Plaintiff cites the following statement in M. Gross, "The 1990

Amendments to New York's Code of Professional Responsibility":

> The amendments to DR 5–101(B) and DR 5–102 specify that the affected lawyer may not *act as an advocate* in any such proceeding, thus clarifying that the lawyer may continue to work on the matter.

*Id.* at 19.

Counsel's argument overlooks the purpose of Canon 5 and Disciplinary Rule 5–101(B). Counsel should not have accepted employment in this action. At the time of retention, it must have been clear to MONY's general counsel and Genack that, if trial occurred, she would be a witness. *See, e.g., Presser v. M. Spiegel & Sons Oil Corp.,* 106 A.D.2d 560, 483 N.Y.S.2d 368 (App.Div.1984). M. Gross' statement indicates that an affected attorney may continue to advise trial counsel informally or may participate in discovery. However, the Rule prohibits the attorney from acting as an "advocate," a role which plainly encompasses arguing pre-trial motions before the Court and plaintiff counsel's role to date.

Disqualification of counsel for all purposes in an action is appropriate where it serves to protect the integrity of the judicial process. *See Munk v. Goldome Nat'l Corp.,* 697 F.Supp. 784, 788 (S.D.N.Y.1988). Even if Genack represents MONY only for pre-trial purposes, a very real possibility exists that she may be unable to exercise the independent professional judgment required by the Code on behalf of her client. It may seem trite to remind lawyers that they are officers of the Court and that, as such, they are required to exercise independent professional judgment at all stages of a litigation, e.g., to evaluate with a dispassionate eye the validity and non-validity of the positions their client wishes them to take and to render professional advice to their client as to the best method of achieving the proper result at a minimum legal expense to their client. These judgments can only be made by independent counsel, not by counsel seeking to justify the very expenses she incurred for her client. *See Eurocom, S.A. v. Mahoney, Cohen & Co.,* 522 F.Supp. 1179, 1181 (S.D.N.Y.1981) (disqualifying plaintiff's attorneys at least in

part because "parties are entitled to advice on [settlement] from counsel who are entirely uninhibited by any personal involvement of their own in the merits.")

Lastly, in such a case, counsel, lacking independence, tends to utilize valuable court time litigating matters which, due to a close identification with the subject matter, do not merit the court's attention, and should be settled between counsel. The proper functioning of the Court is interfered with and time lost for attention to more meritorious disputes.

MONY argues that it falls within the exception stated in DR 5–101(B)(3) permitting an attorney to accept employment when his testimony "will relate solely to the nature and value of legal services rendered in the case." MONY misreads the Rule. The Rule prevents an attorney from taking on a case in which he must testify unless the testimony relates to his services "rendered in the case." Semantically, "the case" refers to the same case in which employment may be prohibited by the Rule. Here, it was obvious that Genack "ought to be called" in the case of *MONY v. Liberty Mutual* whereas her testimony will relate to the nature and value of services rendered in the case of *MONY v. Cooprider*.

MONY's general counsel also argues that retaining Genack and her firm is a saving his company should be afforded, that having commenced work on the case, it will be a hardship to have that firm disqualified. However, MONY's general counsel, in retaining present counsel and counsel in accepting said retainer in contravention of DR 5–101(B), are solely responsible for any hardship which will result from their disqualification at this point.

Accordingly, Genack and Schlam, Stone and Dolan are disqualified from representing plaintiff.

SO ORDERED.