■ Daniel Magnus, Respondent, v Alan L. Sklover et al., Appellants. [944 NYS2d 187]—

In an action, inter alia, to recover damages for legal malpractice, the defendants appeal from (1) a transcript of the Supreme Court, Westchester County (Liebowitz, J.), dated July 6, 2011, and (2) so much of an order of the same court dated July 21, 2011, as denied those branches of their motion which were pursuant to CPLR 3211 (a) (1) and (7) to dismiss the cause of action alleging legal malpractice or, in the alternative, to disqualify the plaintiff's counsel.

Ordered that the appeal from the transcript is dismissed, as no appeal lies from a transcript (*see Hatem v Hatem*, 49 AD3d 812 [2008]); and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The Supreme Court properly denied that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (1) to dismiss the cause of action alleging legal malpractice based on documentary evidence. A motion pursuant to CPLR 3211 (a) (1) may be granted "only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]). Here, the documentary evidence submitted by the defendants did not utterly refute the plaintiff's factual allegations and did not conclusively establish a defense

to the legal malpractice cause of action as a matter of law (*see Financial Servs. Veh. Trust v Saad*, 72 AD3d 1019, 1020-1021 [2010]).

On a motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action, the court must accept the facts alleged in the pleading as true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d at 326; *Leon v Martinez*, 84 NY2d 83, 87 [1994]). "To state a cause of action to recover damages for legal malpractice, a plaintiff must allege: (1) that the attorney 'failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession'; and (2) that the attorney's breach of the duty proximately caused the plaintiff actual and ascertainable damages" (*Dempster v Liotti*, 86 AD3d 169, 176 [2011], quoting *Leder v Spiegel*, 9 NY3d 836, 837 [2007], *cert denied sub nom. Spiegel v Rowland*, 552 US 1257 [2008]).

Accepting the facts alleged in the complaint as true, and according the plaintiff the benefit of every possible inference, the complaint states a legally cognizable cause of action sounding in legal malpractice (*see Guayara v Harry I. Katz, P.C.*, 83 AD3d 661 [2011]). Thus, the Supreme Court properly denied that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the cause of action alleging legal malpractice.

In addition, the Supreme Court properly denied that branch of the defendants' motion which was, in the alternative, to disqualify the plaintiff's attorneys. "The advocate-witness rules contained in the Rules of Professional Conduct (*see* 22 NYCRR 1200.0) provide guidance, but are not binding authority, for the courts in determining whether a party's attorney should be disqualified during litigation" (*Trimarco v Data Treasury Corp.*, 91 AD3d 756, 757 [2012]; *see S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.*, 69 NY2d 437, 440 [1987]). Rule 3.7 (a) of the Rules of Professional Conduct (22 NYCRR 1200.0) provides that, unless certain exceptions apply, "[a] lawyer shall not act as advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact" (*id.*). In order to disqualify counsel, a party moving for disqualification must demonstrate that (1) the testimony of the opposing party's counsel is necessary to his or her case, and (2) such testimony would be prejudicial to the opposing party (*see S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.*, 69 NY2d at 446; *Trimarco v Data Treasury Corp.*, 91 AD3d at 757; *Daniel Gale*

*Assoc., Inc. v George*, 8 AD3d 608, 609 [2004]). Here, the defendants failed to demonstrate that the anticipated testimony of the plaintiff's counsel was necessary to his case, or that such testimony would be prejudicial to the plaintiff. Rivera, J.P., Hall, Lott and Austin, JJ., concur.