[958 NYS2d 375]

MILLENNIUM IMPORT, LLC, Plaintiff, v REED SMITH LLP et al., Defendants. REED SMITH LLP et al., Third-Party Plaintiffs-Appellants, v JAMES H. BERRY, JR., et al., Third-Party Defendants-Respondents.

First Department, January 24, 2013

### APPEARANCES OF COUNSEL

*Schulte, Roth & Zabel, LLP*, New York City (*Robert M. Abrahams* of counsel), and *Riker, Danzig, Scherer, Hyland, & Perretti LLP*, New York City (*Anthony J. Sylvester* of counsel), for appellants.

*Furman, Kornfeld & Brennan, LLP*, New York City (*Andrew R. Jones, A. Michael Furman* and *Bain R. Loucks* of counsel), for James H. Berry, Jr. and Berry & Perkins, respondents.

*Coughlin Duffy, LLP*, New York City (*Daniel F. Markham* of counsel), and *Figliulo & Silverman, P.C.*, Chicago, Illinois (*James R. Figliulo* of the Arizona and Illinois bars, admitted pro hac vice, of counsel) for Barrack, Ferrazzano, Kirschbaum & Nagelberg, LLP, respondent.

*Eaton & Van Winkle, LLP*, New York City (*Robert S. Churchill, Bonnie R. Kim* and *Katherine P. Churchill* of counsel), for Fross, Zelnick, Lehrman & Zissu, P.C., respondent.

### OPINION OF THE COURT

SAXE, J.

This is a legal malpractice action in which defendant law firm

brought third-party claims for contribution against three other law firms based on the allegation that they gave erroneous advice to plaintiff, either directly or through plaintiff's parent company, that contributed to plaintiff's losses. The motion court granted the dismissal motion of each of the three firms, citing *Hercules Chem. Co. v North Star Reins. Corp.* (72 AD2d 538 [1st Dept 1979]), on the ground that defendants' affirmative defense of negligence on the part of plaintiff and/or its agents precluded the third-party complaint for contribution against the agents. This appeal therefore requires us to decide whether, under *Hercules Chem. Co.*, defendants' affirmative defense of comparative negligence, based in part on the alleged malpractice of the other firms, precludes its third-party claims.

Plaintiff Millennium is a beverage company owned by luxury goods company LVMH, the owner of such brands as Louis Vuitton, Moet and Hennessy. Plaintiff marketed a high-end Polish vodka in the United States under the brand name "Belvedere," but was sued by a California winery (the winery), also named Belvedere, for trade-name infringement. The dispute was resolved by a settlement agreement in which plaintiff agreed to pay the winery $30,000 per year for a license to use the Belvedere name for its vodka; the agreement did not cover use of the Belvedere name for distilled spirits.

Plaintiff's Belvedere vodka was highly successful, rendering the licensing fee "nominal." In what the parties acknowledge was likely an attempt to renegotiate the licensing fee, in March 2004, the winery wrote to plaintiff, stating that it was negotiating with a distributor of gin for a license of the Belvedere name.

Plaintiff forwarded the letter to defendant law firm Reed Smith, as one of its attorneys, and Reed drafted a response. In addition to sharing the draft response with plaintiff, Reed Smith also forwarded it to LVMH and LVMH's counsel, third-party defendant law firm Barack, Ferrazzano, Kirschbaum & Nagelberg (the Barack firm). The letter was sent to the winery in April 2004. It asserted, among other things, that plaintiff, through its successful use of the mark, had obtained certain rights in the mark, and that the gin distributor might be liable to plaintiff for "passing off" its gin as associated with plaintiff's vodka.

The winery did not respond for some 15 months. During that time, LVMH became the 100% owner of plaintiff. In the winery's response in July 2005, it stated that the Reed firm's letter was a challenge to the winery's right to license the mark, and therefore a breach of the licensing agreement, and demanded that plaintiff cure the breach.

To this end, plaintiff had California counsel, third-party defendant Berry & Perkins (the Berry firm), prepare a draft response. The draft was shared with LVMH and Reed Smith, as well as with the Barack firm. The response sent to the winery also incorporated analysis by third-party defendant Fross, Zelnick, Lehrman & Zissu (the Fross firm), another law firm advising LVMH on plaintiff's rights under the licensing agreement. The response maintained that a gin distributor's use of the Belvedere mark might infringe on rights acquired by plaintiff.

The winery then sued plaintiff for breach of the licensing agreement, and was ultimately granted summary judgment on its claims. Rather than appeal, plaintiff entered into a settlement agreement that included a payment to the winery of $83 million. Plaintiff then sued Reed Smith for malpractice. Reed Smith asserted an affirmative defense of contributory fault against plaintiff and its agents, and then brought a third-party action against the Berry, Barack and Fross firms seeking contribution under CPLR 1401, contending that their negligence with regard to advising plaintiff and/or LVMH contributed to plaintiff's loss.

The motion court granted third-party defendants' separate motions to dismiss the third-party complaint against them solely in reliance on the holding of *Hercules Chem. Co.* (72 AD2d 538), that a defendant's affirmative defense of comparative negligence precludes a third-party claim for contribution against any third-party defendant who was acting as the plaintiff's agent, since the affirmative defense and the third-party claims are duplicative. We disagree with the motion court.

■ It is well settled that an attorney sued for malpractice may assert a third-party claim against another lawyer who advised the plaintiff on the same matter. The leading case on this point is *Schauer v Joyce* (54 NY2d 1 [1981]). In *Schauer*, an attorney was sued by his client for malpractice, due to his failure to obtain alimony for his client. He, in turn, asserted a third-party claim for contribution under CPLR 1401 against the lawyer who succeeded him in representing the plaintiff, claiming that the successor lawyer's negligence in failing to properly reapply for alimony contributed to the loss. The Appellate Division upheld the dismissal of the third-party claim, reasoning that the third-party defendant could not be liable for the injury caused to the plaintiff by the third-party plaintiff; in the Court's view, "[t]he extent to which plaintiff either personally or

through her agent [third-party defendant] failed to mitigate damages is a matter of defense" (79 AD2d 826, 826 [3d Dept 1980]). But the Court of Appeals reinstated the contribution claim, explaining that

> "CPLR 1401, which codified this court's decision in *Dole v Dow Chem. Co.* (30 NY2d 143), provides that 'two or more persons who are subject to liability for damages for the same personal injury, injury to property or wrongful death, may claim contribution among them whether or not an action has been brought or a judgment has been rendered against the person from whom contribution is sought.' The section 'applies not only to joint tortfeasors, but also to concurrent, successive, independent, alternative, and even intentional tortfeasors' " (*Schauer*, 54 NY2d at 5, quoting Siegel, NY Prac § 172 at 213 [1978], and citing McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C1401:3 at 362-363 [1976 ed]).

Not only do we find this reasoning applicable to the third-party claim against the law firm that served directly as plaintiff's counsel, but we also see no basis to find this reasoning inapplicable to the law firms whose allegedly negligent advice was supplied to plaintiff via plaintiff's parent company. It is well settled that attorneys may be liable for their negligence both to those with whom they have actual privity of contract and to those with whom the relationship is "so close as to approach that of privity" (*Prudential Ins. Co. of Am. v Dewey, Ballantine, Bushby, Palmer & Wood*, 80 NY2d 377, 382 [1992]). Since here the allegations support a finding that the advice of the two firms acting as counsel to plaintiff's parent company was given "for the very purpose of inducing action" on plaintiff's part, the third-party claim against those firms for contribution is actionable (*id.* at 383).

The motion court's decision does not mention *Schauer v Joyce*. It relies solely on *Hercules Chem. Co.*—which was issued in 1979, two years before *Schauer v Joyce* was decided. For the reasons that follow, we conclude that whatever applicability the *Hercules* ruling may have had to the facts of that case, it cannot properly be applied here to preclude the third-party complaint for contribution.

The brief memorandum decision in *Hercules* does not explain the nature of the plaintiff's complaint against the defendant re-

insurance company—although it does not appear to have been a legal malpractice claim. The decision merely indicates that North Star Reinsurance asserted, as an affirmative defense, the contributory negligence of the plaintiff's attorneys, and then brought a third-party claim against the plaintiff's attorneys for contribution, based on the allegation that their negligence had contributed to the plaintiff's loss. The third-party defendant moved to dismiss the third-party claim on the ground that it was duplicative of the affirmative defense of contributory negligence, and this Court upheld the dismissal.

The defendant in *Hercules* had apparently argued that although it raised the affirmative defense of the plaintiff's attorneys' negligence, it was forced to bring a third-party claim against those attorneys, because under the rule of *Brown v Poritzky* (30 NY2d 289 [1972]), their negligence could not be imputed to the plaintiff. In *Brown v Poritzky*, after fire damaged the plaintiff's property, the plaintiff sued his insurance agent, who had failed to obtain fire insurance for him as promised; the insurance agent sought to avoid all liability on contributory negligence grounds, relying on the alleged contributory negligence of the plaintiff's general agent, who had been charged with the task of ensuring that the promised fire insurance was procured. The Court held that in the circumstances, the general agent's contributory negligence could not be imputed to the principal so as to totally bar any recovery against the insurance agent (*id.* at 292-293).

The *Hercules* decision rejected the defendant/third-party plaintiff's suggestion that its third-party claim was necessitated by *Brown v Poritzky*, reasoning that since New York had adopted a comparative negligence standard after *Brown v Poritzky* was decided,

> "the third-party plaintiff's concern that it [would] be unable to impute the attorneys' negligence to the plaintiff and that it require[d] contribution to reach the same result [wa]s ill founded. Suffice it to say, by its affirmative defense, the third-party plaintiff is afforded all the protection to which it is entitled at the pleading stage" (72 AD2d at 538).

Perhaps the underlying facts in *Hercules* justified the Court's conclusion that the third-party plaintiff was sufficiently protected by the affirmative defense. However, where, as here, a defendant charged with legal malpractice has a viable claim against other law firms that represented its client for concur-

rent or successive malpractice contributing to the client's damages, the defendant law firm is not necessarily "afforded all the protection to which it is entitled" by the affirmative defense of comparative negligence. On the contrary, where several law firms allegedly participated in giving the advice that led to the plaintiff's damages, the sole law firm named as a defendant must be entitled to bring the other law firms in as parties to the action to ensure that it has the ability to fully protect its rights. We find that Reed Smith's third-party claim against the three firms is not necessarily completely duplicative of its comparative negligence defense, and therefore decline to apply the *Hercules* decision to these circumstances.

The Court in *Hercules* began its discussion by remarking that "we find it unnecessary . . . to reach the issue of whether a third-party complaint may be stated against attorneys who, it is alleged, were negligent in the performance of legal services rendered to the plaintiff. Indeed, the issue does not even appear to be in the case" (72 AD2d at 538). The issue here is exactly that which was not "in the case" in *Hercules*, and we hold that such a third-party complaint may be stated.

Even if we agreed that the affirmative defense of comparative negligence precludes a claim for contribution against an agent of plaintiff, that would only warrant dismissal of the third-party claim against the Berry firm, as counsel to (and agent for) plaintiff. The claim for contribution against the other two third-party defendants could not be viewed as duplicative, since the affirmative defenses did not specifically name them as plaintiff's agents whose alleged negligence defendants sought to impute to plaintiff for comparative negligence purposes. Consequently, the third-party claims would be viable against third-party defendants the Barack firm and the Fross firm in any event.

With respect to the application to dismiss the third-party action without prejudice under CPLR 1010, there is no indication that the third-party complaint will delay the main action. On the contrary, there clearly are efficiencies to be gained from having the claims proceed together.

Accordingly, the judgments of the Supreme Court, New York County (Milton A. Tingling, J.), entered November 15, 2011, July 6, 2011 and July 18, 2011, dismissing the third-party complaint as against third-party defendants James H. Berry, Jr. and Berry & Perkins, Barack, Ferrazzano, Kirschbaum & Nagelberg LLP and Fross, Zelnick, Lehman & Zissu, P.C., respectively, should be reversed, on the law, without costs, the judgments

vacated, and the third-party complaint reinstated. Appeals from the orders, same court and Justice, entered March 30, 2011, July 6, 2011 and July 18, 2011, which granted third-party defendants' motions to dismiss the third-party complaint, should be dismissed, without costs, as subsumed in the appeals from the judgments.

TOM, J.P., ANDRIAS, ACOSTA and MOSKOWITZ, JJ., concur.

Judgments, Supreme Court, New York County, entered November 15, 2011, July 6, 2011 and July 18, 2011, reversed, on the law, without costs, and the third-party complaint reinstated. Appeals from orders, same court, entered March 30, 2011, July 6, 2011 and July 18, 2011, dismissed, without costs, as subsumed in the appeals from the judgments.