In an action, inter alla, to recover damages pursuant to an indemnification agreement, the plaintiffs/counterclaim defendants/third-party plaintiffs appeal from stated portions of an order of the Supreme Court, Nassau County (Iannacci, J.), dated September 4, 2012, which, inter alla, granted that branch of the third-party defendant’s motion which was pursuant to CPLR 3211 (a) (7) to dismiss the third-party complaint, and denied their cross motion to disqualify the third-party defendant and his law firm from representing the defendant/counterclaim plaintiff in this action.
Ordered that the appeal from so much of the order as contains certain language in conjunction with the denial of that branch of the third-party defendant’s motion which was for an award of costs and the imposition of sanctions pursuant to 22 NYCRR 130-1.1 is dismissed, as the appellants are not aggrieved by that portion of the order (see CPLR 5511); and it is further,
Ordered that the order is affirmed insofar as reviewed, with costs.
Cathedral Properties Corp. (hereinafter Cathedral) is a coop *650 erative housing corporation which owns an apartment complex. The apartment complex was converted to cooperative ownership by Cathedral Court Assoc., L.E (hereinafter Court Associates), as the conversion sponsor, and Court Associates’ principal, Jacques Blinbaum. The apartment complex formerly was managed by Old Court Realty Corp. (hereinafter, together with Court Associates and Blinbaum, the appellants), of which Blinbaum is an officer. The appellants commenced this action against Cathedral to recover the costs and expenses they incurred in connection with Cathedral’s attempt to refinance a wrap mortgage held by Court Associates and Blinbaum under terms more favorable to Cathedral.
Cathedral’s answer and counterclaims alleged, inter alia, that Blinbaum breached the implied covenant of good faith and fair dealing by executing documents which did not allow the wrap mortgage to be prepaid without a penalty. Cathedral further alleged that it was damaged by having to forfeit a lock-in fee of $176,000 which it paid to secure a mortgage loan offer in connection with its attempt to refinance the wrap mortgage shortly before Blinbaum informed it that the wrap mortgage could not be prepaid.
In their reply to the counterclaims, the appellants asserted various defenses and alleged, in relevant part, that “[a]ll or part of [Cathedral’s] alleged damages are attributable to the malfeasance, misfeasance or nonfeasance of third parties, including certain members of its board,” as well as Cathedral’s corporate counsel and his law firm.
After this Court determined, in a decision and order issued in a related hybrid proceeding and action, that the wrap mortgage did not provide for prepayment without a penalty or prepayment fee (see Matter of Cathedral Props. Corp. v Blinbaum, 44 AD3d 852 [2007]), the appellants commenced this third-party action against Kevin Walsh, Cathedral’s corporate counsel, seeking indemnification or contribution for the appellants’ liability, if any, to Cathedral, based on Walsh’s advice to Cathedral that the wrap mortgage could be prepaid without a penalty.
The Supreme Court properly granted that branch of Walsh’s motion which was pursuant to CFLR 3211 (a) (7) to dismiss the third-party complaint. The appellants failed to state a cause of action for common-law indemnification, which involves loss-shifting from a party compelled to pay damages by law, to the actual wrongdoer (see Trustees of Columbia Univ. v Mitchell/Giurgola Assoc., 109 AD2d 449 [1985]; County of Westchester v Welton Becket Assoc., 102 AD2d 34, 42 [1984]).
On appeal, the appellants concede that Walsh acted as *651 Cathedral’s agent at all relevant times, which negates their contention that the Supreme Court improperly directed dismissal of their third-party cause of action for contribution. Since any negligence on the part of Walsh will be imputed to Cathedral under general principles of agency and reduce any damages recoverable by Cathedral against the appellants based upon Cathedral’s comparative negligence, the assertion of a claim for contribution against Cathedral’s agent is superfluous (see Eurocom, S. A. v Mahoney, Cohen & Co., 522 F Supp 1179, 1180 [SD NY 1981]; Hercules Chem. Co. v North Star Reins. Corp., 72 AD2d 538 [1979]).
In addition, the Supreme Court properly denied the appellants’ cross motion to disqualify Walsh and his law firm, a nonparty, from representing Cathedral in this action pursuant to the “advocate-witness” rules in Rules of Professional Conduct (see 22 NYCRR 1200.0) rule 3.7, which are not binding authority and provide guidance only (see S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., 69 NY2d 437, 440 [1987]; Magnus v Sklover, 95 AD3d 837, 838 [2012]; Trimarco v Data Treasury Corp., 91 AD3d 756, 757 [2012]). To disqualify an attorney under rule 3.7 (a) of the Rules of Professional Conduct (22 NYCRR 1200.0), the moving party must demonstrate that the testimony of the opposing party’s counsel is necessary to the moving party’s case, and that such testimony would be prejudicial to the opposing party (see S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., 69 NY2d at 446; Magnus v Sklover, 95 AD3d at 838-839; Trimarco v Data Treasury Corp., 91 AD3d at 757). Here, aside from conclusory assertions, the appellants failed to demonstrate that the testimony of Walsh, Cathedral’s attorney, was necessary to the appellants’ case, or that such testimony would be prejudicial to Cathedral.
The appeal from so much of the order as contains certain language in conjunction with the denial of that branch of the third-party defendant’s motion which was for an award of costs and the imposition of sanctions pursuant to 22 NYCRR 130-1.1 must be dismissed. Although that portion of the order contains language which the appellants deem adverse to their interests, they are not aggrieved thereby (see CPLR 5511; Pennsylvania Gen. Ins. Co. v Austin Powder Co., 68 NY2d 465, 472-473 [1986]).
The appellants’ remaining contention is not properly before this Court. Rivera, J.E, Dillon, Chambers and Hinds-Radix, JJ., concur.