Rubin v Duncan, Fish & Vogel, L.L.P. (2019 NY Slip Op 07727)





Rubin v Duncan, Fish & Vogel, L.L.P.


2019 NY Slip Op 07727


Decided on October 29, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 29, 2019

Richter, J.P., Gische, Tom, Gesmer, Moulton, JJ.


10214 154131/15

[*1] Margery Rubin, etc., et al., Plaintiffs,
v
Duncan, Fish & Vogel, L.L.P., et al., Defendants.
Duncan, Fish & Vogel, L.L.P., et al., Third-Party Plaintiffs-Respondents,
v
Peter A. Morales, CPA, P.C., et al., Third-Party Defendants-Appellants.


Rivkin Radler LLP, Uniondale (Evan H. Krinick of counsel), for appellants.
Lewis Brisbois Bisgaard & Smith LLP, New York (Christopher J. Rados of counsel), for respondents.



Order, Supreme Court, New York County (Paul A. Goetz, J.), entered November 27, 2018, which, as limited by the briefs, denied third-party defendants' motion to dismiss the contribution claim asserted against them in the third-party complaint, unanimously affirmed, without costs.
Defendants asserted in their answer an affirmative defense to reduce any damages awarded in favor of plaintiff by the comparative negligence of plaintiff's agents, servants or employees. Defendants later commenced a third-party action for contribution against third party-defendants, who had prepared the tax returns for plaintiff. Because the affirmative defense may or may not include these accountants as plaintiff's agents, servants or employees, the third-party claim is not duplicative (Millennium Import, LLC v Reed Smith LLP, 104 AD3d 190, 196 [1st Dept 2013]). The affirmative defense seeks to impute to plaintiff any negligence of its agents, servants, or employees, thereby reducing any damages owed to plaintiff. The third-party claim seeks contribution from the accountants if they are found to be independent and not falling within the categories of agents, servants, or employees. Thus, in the absence of the third-party action, should the accountants not be found to fall within the categories of agent, servant, or employee, defendants would not have an avenue of recovery from the accountants. Therefore, unlike in Hercules Chem. Co. v North Star Reins. Corp. (72 AD2d 538, 538 [1st Dept 1979]), defendants here were not fully protected by their affirmative defense.
Contrary to appellants' contention, the issue of whether or not they acted as plaintiff's agents has not been resolved (see Fogel v Hertz Intl., 141 AD2d 375, 376 [1st Dept 1988]).
We have considered appellants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 29, 2019
CLERK