LabMD, Inc. v Buchanan (2021 NY Slip Op 04084)





LabMD, Inc. v Buchanan


2021 NY Slip Op 04084


Decided on June 24, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 24, 2021

Before: Gische, J.P., Webber, Oing, González, JJ. 


Index No. 160929/18 Appeal No. 14125-14125A Case No. 2020-00014 2020-02649 

[*1]LabMD, Inc., et al., Plaintiffs-Appellants,
v
Mary Beth Buchanan, et al., Defendants-Respondents.


Mandelbaum Salsburg P.C., New York (Joel G. MacMull of counsel), for appellants.
Frankfurt Kurnit Klein & Selz, P.C., New York (Ronald C. Minkoff of counsel), for respondents.



Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered on or about November 27, 2019, which granted defendants' motion to dismiss the complaint, and order, same court and Justice, entered April 30, 2020, which, insofar as appealable, denied plaintiffs' motion to amend, unanimously affirmed, with costs.
Despite their characterization in the amended complaint, plaintiffs' claims all sound in subornation of perjury in the prior litigation with the FTC. Such claims are not permitted in a subsequent plenary action (Serrante v Moses & Singer LLP, 137 AD3d 697 [1st Dept 2016]).
Plaintiffs' claim under Judiciary Law § 487 was properly dismissed because the conduct alleged did not take place in a New York court (Shawe v Elting, 161 AD3d 585, 588 [1st Dept 2018]).
Plaintiffs' claims for negligent and fraudulent omission fail because they did not allege a "near privity" relationship with defendants, who were expressly representing a different party (cf. Millennium Import, LLC v Reed Smith LLP, 104 AD3d 190, 194 [1st Dept 2013]).
Plaintiffs' claims for tortious interference with the fiduciary relationship fail because they do not establish that their co-plaintiff in the joint representation agreement was a fiduciary, or a partner or joint venturer.
Their claim that defendants interfered with the joint representation agreement fails because any breach occurred before defendants' alleged actions, and the agreement expressly carves out disclosure of information related to separate legal matters including testimony in other proceedings.
Finally, plaintiffs' claim that they could amend the complaint without leave is incorrect. CPLR 3025 allows a plaintiff to amend "once" without leave. Plaintiffs had already done so. Furthermore, their amended complaint did not cure the infirmities referenced above, and thus was futile. No appeal lies from the denial of plaintiffs' motion to reargue (Crimlis v City of New York, 179 AD3d 575, 576 [2020]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 24, 2021